(75 South. 729)

No. 20761.

W. K. HENDERSON IRON WORKS & SUPPLY CO., Limited, v. HIGHOUSE et al.

(Jan. 15, 1917. On the Merits, June 11, 1917.)

(Syllabus by the Court.)

1. COURTS ⬥224(2) — LOUISIANA SUPREME COURT—JURISDICTION—CONSENT OF PARTIES.

Jurisdiction cannot be conferred on this court at the volition of litigants; it is determined by the grant in the Constitution, and, where it appears from the evidence that an admission concerning the value of the property in dispute was made in error as to the fact, the appeal in the case will be transferred to the proper tribunal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 609.]

(Additional Syllabus by Editorial Staff.)

On the Merits.

2. HUSBAND AND WIFE ⬥132—GRANTEE IN DEED—EVIDENCE.

Where a notarial act by which property was sold did not recite that the purchase money was a wife's separate property, testimony of one making the purchase for her that it had been paid for out of her funds was admissible under the rule that a witness may testify to any relevant fact that has come under his observation.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 484–486, 845.]

3. ESTOPPEL ⬥70(1)—TITLE OF GRANTEE.

One who recognized the title of the children of his deceased wife to the entirety of property which had been sold to her by appraising it as belonging to them and filing inventory of it as such, as against purchasers from her heirs, could not contest their title.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 183, 185, 187.]

Appeal from First Judicial District Court, Parish of Caddo; John R. Land, Judge.

Action by the W. K. Henderson Iron Works & Supply Company, Limited, against Mrs. Annie Barker Highouse and others. Judgment for defendants, and plaintiff appeals. Affirmed.

J. H. Levy, of Shreveport, for appellant. Herndon & Herndon, of Shreveport, for appellees. Blanchard & Smith, of Shreveport, for warrantors Dr. J. A. Blanchard and Mrs. L. R. Smith. Blanchard & Smith, Foster, Looney & Wilkinson, and Thatcher & Welsh, all of Shreveport, for other warrantors. Charles F. Crane, for curator ad hoc.

MONROE, C. J. [1] This litigation involves the title to a one-fourth undivided interest in two-thirds of 40 acres of land on Douglas Island near Shreveport. There is no evidence in the record showing that the value of the "matter" in dispute exceeds $2,000, and is within the appellate jurisdiction of this court, and the plain indications are that it is very much less than that amount. We find the admission, among others, that the land in question is worth more than $2,000, but the evidence satisfies us that the admission was made in error as to the fact, and jurisdiction cannot be conferred upon this court at the volition of litigants; it is determined by the grant in the Constitution, as applied to the facts of each case.

It is therefore ordered that this appeal be transferred to the Court of Appeal, Second

Circuit, state of Louisiana, as provided by Act No. 19 of 1912, to be there proceeded with according to law; the costs of the appeal to this court to be paid by the appellants.

It having been shown, by affidavits filed without objection upon the application for rehearing, that the value of the land in dispute exceeded $2,000, the rehearing was granted, and the decision on the merits follows:

PROVOSTY, J. A notarial act, of date April, 1879, declared that Henry W. Kneeland, in consideration of $800, cash in hand paid, sold a tract of land fully described (the land in controversy) to Mrs. Barker, "herein represented by Daniel E. Nicholson, who accepts this sale for her." The act is signed, "Alice N. Barker, per D. E. Nicholson." The husband is not mentioned in this act, and did not sign it.

Mrs. Barker having died, an inventory was made in 1881 of the property of her two minor children, issue of a previous marriage, and the land in controversy was included in the inventory as belonging to the minors in its entirety. Mr. Barker acted as one of the appraisers. He appraised this property, and signed the inventory.

In 1891 these heirs of Mrs. Barker sold the property to the authors in title of plaintiff. Mr. Barker died in 1894.

This suit is in slander of title, and is against his heirs. One of these heirs, a daughter, denies the slander, disclaiming title. The other heirs, who are minors, the children of another daughter, claim that said property when purchased by Mrs. Barker fell into the community of acquêts and gains that existed between her and Mr. Barker, and hence that she and Mr. Barker became joint owners of it, and her heirs inherited from her only an undivided interest, and could validly convey no greater interest.

[2] The said notarial act by which the property was sold by Kneeland does not recite that the funds with which the purchase was being made were the separate property of the wife and under her separate administration; but Mr. Nicholson, who made the purchase for her, testified that he was her brother; that he had kept her share of their father's property, and owed it to her, $8,000; and that he bought and paid for this land in part payment of what he owed her; in other words, invested part of the funds he had for her.

The learned counsel for defendant says that "the right to rebut by parol proof the legal presumption" of the said property having fallen into the community was personal to the wife; did not pass to her heirs.

This evidence was admissible simply on the principle that a witness may be heard to testify to any relevant fact that has come under his own observation. The right to invoke this rule of evidence was no more personal to the wife than was the right to invoke any other rule of evidence. We must admit we do not understand very well what counsel's idea here is.

Counsel also say that Mr. Nicholson's memory was shown on cross-examination to be very poor; but there is not the shadow of a ground in the record for doubting the reliability of his statement as to this Kneeland sale.

[3] But, if it were otherwise, defendant would be in no better position. Mr. Barker, after having recognized the title of the children of his wife to the entirety of the property, by appraising it as belonging in its entirety to them, and signing the inventory of it as such, could not be allowed, as against third persons, purchasers from these heirs, to contest the title of these heirs. Gayoso v. Delaroderie, 9 La. Ann. 280.

Counsel says that this estoppel cannot apply to Mr. Barker's heirs, and cites Westmore v. Harz, 111 La. 306, 35 South. 578. The

doctrine of that case is that children suing to set aside on the ground of simulation a transfer of property made by their parent are not estopped by the act itself which they are attacking. Evidently that doctrine has no application to this case.

Judgment affirmed.