(79 South. 857)

No. 23144.

STATE ex rel. GUILLOT, Sheriff and Ex Officio Tax Collector, v. CENTRAL BANK & TRUST CO.

In re CENTRAL BANK & TRUST CO.

(Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. COURTS &#9758;224(7) — LOUISIANA SUPREME COURT—APPELLATE JURISDICTION—TAX.

Where the amount of a license tax depends on construction of the revenue statute, the legality of the tax is in contestation, and an appeal lies from the court of first instance directly to the Supreme Court, and is beyond appellate jurisdiction of Court of Appeal.

2. COURTS &#9758;487(1) — APPELLATE JURISDICTION—TRANSFER OF CAUSES—STATUTE.

In case involving legality of a tax, beyond jurisdiction of Court of Appeal, but where its want of jurisdiction was not raised, the Supreme Court, in view of subsequent act (Act No. 19 of 1912), and under Const. art. 101, would not dismiss, but would order cause transferred from Court of Appeal to Supreme Court, avoid its judgment, and render judgment which should have been rendered.

3. LICENSES &#9758;1—DEFINITION.

A "license" may be defined as a permit, granted by the sovereign generally for a consideration, to a person, firm, or corporation to pursue some occupation or to carry on some business subject to regulation under the police power.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, License.]

4. BANKS AND BANKING &#9758;12 — LICENSE — "EACH BUSINESS."

In view of Const. art. 229, authorizing license taxes, and under Act No. 171 of 1898, § 3, par. 2, imposing banking license based on declared or nominal capital for each business, and section 30, requiring license for each place of business, the words "each business" mean "each occupation," so that bank having two branches, with same officers and capital, was only liable to one license.

5. STATUTES &#9758;219—CONSTRUCTION BY PUBLIC AUTHORITIES.

The practical construction given to a doubtful statute by the public officers of the state, and acted upon by the people thereof, is to be considered, and is perhaps decisive in cases of doubt, as being similar in effect to a course of judicial decisions.

6. STATUTES &#9758;219—CONSTRUCTION—LEGISLATURE—ACQUIESCENCE.

The Legislature is presumed to be cognizant of the practical construction of a doubtful statute by public officers and by the people, and, after long continuance without legislative dissent, the courts will consider themselves warranted in adopting that construction.

Certiorari to Court of Appeal, Parish of Avoyelles.

Proceeding by the State, on relation of Amet Guillot, Sheriff and ex officio Tax Collector of the Parish of Avoyelles, against the Central Bank & Trust Company. There was judgment for plaintiff in the district court. From a judgment of affirmance by the Court of Appeal on appeal, defendant applies for certiorari or writ of review. Judgment of district court annulled, and order that plaintiff's suit be dismissed.

J. W. Joffrion, of Marksville, for appellant.

N. I. Normand, of Marksville, for respondent.

LECHE, J. The Central Bank & Trust Company, incorporated under the laws of this state, having its domicile in the parish of Avoyelles, with its banking house in the town of Mansura, established two branches, one at Hessmer and the other at Bordelonville, also within the parish of Avoyelles. It has a capital stock and surplus of over $50,000 and under $100,000. Neither branch has any capital, but each is operated on the capital of the parent bank. The parent corporation has one domicile, one set of directors, one president, and one cashier, under whose supervision the business of the bank is transacted. It has paid one state license for the years 1914, 1915, 1916, and 1917, under the instructions of the state auditor, and its branches neither borrow nor lend money as separate entities nor do they declare or pay dividends. It makes but one statement or report to the state banking department, which includes the combined affairs of itself and its branches.

The present proceeding is by the sheriff

and ex officio tax collector of the parish of Avoyelles to recover three separate state licenses from the Central Bank & Trust Company, one for the parent bank and one for each of its branches.

The district court rendered judgment in favor of the tax collector, and condemned defendant to pay three state licenses. On appeal to the Court of Appeal the judgment of the district court was affirmed, and the case is before us on a writ of review to that court.

The sole issue is one of law; it involves an interpretation of Act 171, page 387, of 1898. The facts are all admitted.

[1, 2] Quoting from State v. Orfila, 116 La. 972, 41 South. 227:

"Where the amount of a license tax depends on the construction to be placed on the revenue statute, the legality of the tax is in contestation, and an appeal lies from the court of the first instance directly to the Supreme Court."

The matter involved in this litigation being, then, the legality of a tax, it follows that it was beyond the jurisdiction of the Court of Appeal. But the want of jurisdiction of that court was not raised, nor even suggested, by the parties. We held in a similar case (State v. Rosenstream, Weiss & Co., 52 La. Ann. 2126, 28 South. 294):

"It is competent for this court, acting on a case brought before it by its writ of review from the Court of Appeal, to pronounce void the judgment of the latter court for want of jurisdiction. But this court declines to pass upon the merits of the case coming before it in this irregular and roundabout way, when, by proper action to bring it here on appeal from the court of the first instance, its adjudication upon the merits could have been had in the way provided by law."

We might thus dispose of the present writ, but in view of the fact that, since that decision was rendered, the Legislature has, by Act 19, page 25, of 1912, conferred the right upon this court and the Court of Appeal, where the appellant has appealed to the wrong court, to transfer the case to the proper court instead of dismissing the appeal, and in view of the further fact that the issue in the present case is so manifestly appealable to this court, instead of the Court of Appeal, we assume that the Court of Appeal, had its attention been called to the matter, would neither have dismissed the appeal nor passed upon the merits of the case, but would have transferred the case to this court, where the appeal should originally have been lodged. That being the judgment which should have been entered by the Court of Appeal, then, under the terms of article 101 of the Constitution, authorizing this court to render such judgment as should have been rendered by that court, it would be a useless formality and only a waste of time to order that court to do that which we may now do ourselves. We therefore, under the authority of article 101 of the Constitution, avoid the judgment of the Court of Appeal, render the judgment which should have been rendered by that court, order the case transferred to this court, and now proceed to pass upon it as if it had been appealed here.

[3, 4] A license may be defined as a permit granted by the sovereign, generally for a consideration, to a person, firm, or corporation to pursue some occupation or to carry on some business which is subject to regulation under the police power of the government. Under article 229 of the Constitution, the General Assembly may levy license taxes on all persons, associations of persons, or corporations pursuing any trade, profession, or calling, with certain enumerated exceptions. Act 171, page 387, of 1898, in section 3, paragraph 2, provides:

"That for each business of carrying on a bank, banking company, association, corporation or agency, the license shall be based on the declared or nominal capital and surplus as follows. * * *"

Plaintiff contends that defendant carries on three separate "business"—one at its main office in Mansura and one at each of its branches in Hessmer and Bordelonville— and is therefore liable for three licenses. Plaintiff cites in support of that contention

section 30 of the same act (171 of 1898), which says:

"That a person, firm or company, having more than one place of business, shall pay a license for each place of business."

Defendant, on the contrary, claims that it conducts one single business, having but one corporate organization and one single capital stock, upon which it can only be held liable for one license.

[5, 6] The above-quoted section 30 of the license law refers, in our opinion, not to the business of banking, but to mercantile business, which is treated of and forms the subject of the preceding section (29). We are further of the opinion that, the tax being based neither upon the amount of business done nor upon the number of places in which it is carried on, but solely upon the amount of the declared or nominal capital of the bank, only one license may be collected by the state from defendant. It is evident, from the basis which the Legislature has adopted in fixing the amount of licenses for banks, that the words "each business" are there used in the sense of "each occupation." Indeed, it is admitted that both the fiscal and banking departments of the state have adopted that interpretation, and that of itself is a persuasive argument in favor of its correctness.

"The practical construction given to a doubtful statute by the public officers of the state, and acted upon by the people thereof, is to be considered; it is perhaps decisive in case of doubt. This is similar in effect to a course of judicial decisions. The Legislature is presumed to be cognizant of such construction, and after long continuance, without any legislation evincing its dissent, courts will consider themselves warranted in adopting that construction." Sutherland on Statutory Construction, par. 309.

For these reasons the judgment of the district court is avoided, annulled, and reversed, and it is now ordered that plaintiff's suit be dismissed.

PROVOSTY, J., absent on account of illness, takes no part.