SPEARMAN v. TOYE BROTHERS AUTO AND TAXICAB COMPANY

___

(May 24, 1926.   Opinion and Decree.)
(June 7, 1926.   Rehearing Refused.)

___

*(Syllabus by the Court.)*

1. **Louisiana Digest—Courts—Par. 126, 128.**

This court has appellate jurisdiction of damage suits in excess of $2000.00 only when the damages claimed result from physical injuries inflicted upon the person.

2. **Louisiana Digest—Courts—Par. 126, 128.**

This court has no jurisdiction of a suit for $15,000.00 damage for humiliation, mortification, mental pain and anguish suffered by plaintiff arising out of one of defendant's drivers grasping and squeezing a part of her person without any physical injury thereto.

3. **Louisiana Digest—Courts—Par. 164.**

This court will transfer such a cause to the Supreme Court under Act 56 of 1904 and amendments thereto.

Appeal from Civil District Court.   Hon. M. M. Boatner, Judge.

Action by Mrs. Emma Spearman against Toye Brothers Auto and Taxicab Company, Inc.

There was judgment for plaintiff and defendant appealed.

Case transferred to Supreme Court.

Woodville & Woodville, of New Orleans, attorneys for plaintiff, appellee.

J. P. Sullivan and D. Sessler, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   This is a damage suit for humiliation and mental anguish.

The plaintiff alleged that in September, 1922, in company with her husband's aunt and a child, she boarded a sightseeing automobile owned by the defendant company and operated by its employee; that she and her husband's aunt and the child occupied the front seat with the driver, she sitting next to him, then the child, and then her husband's aunt; that as the auto proceeded on its way she felt the hand of the driver coming in contact with her left leg; that she thought it was accidental, and therefore moved away from him, leaving a space of about two feet between him and her; that when the car came down St. Charles avenue, near Louisiana avenue, the driver, "without any warning or notice to her, with his right hand grasped her left thigh, squeezing it, greatly to her humiliation, mortification, mental pain and anguish"; that plaintiff rebuked him for his insult; plaintiff averred "that she suffered the most intense humiliation, mortification, mental anguish, pain and suffering from the action of the driver, as she had given him absolutely no reason for his outrageous conduct towards her, nor has she ever given any man any reason to take any liberties with her, and for the humiliation, mental anguish, pain and suffering that she has suffered and is suffering since this occurrence as the result of the insult and outrage she was subjected to, she should recover damages from the Toye Brothers Auto and Taxicab Co., Inc., in the sum of $15,000.00", which she claimed from the defendant.

There was no exception to the want of jurisdiction of this court "ratione materiae"; but this court is bound to notice it ex officio; State ex rel. Guillot v. Central Bank and Trust Co., 143 La. 1053, 79 South. 357; consent cannot give jurisdiction; the judgment of a court wanting jurisdiction ratione materiae would be null. 2 La. Dig., p. 425, S. 12; Lafayette Realty Co. vs. Poer, 136 La. 472, 67 South. 335; Henderson Iron Works & Supply Co. vs. Highouse, 141 La. 803, 75 South. 729; State ex rel. Long vs. Board of Deacons, 144 La. 413, 80 South. 608.

Section 10, p. 39, of the Constitution of 1921 provides that:

"It (the Supreme Court) shall have appellate jurisdiction in civil suits where the amount in dispute, or the fund to be distributed, irrespective of the amount therein claimed, shall exceed $2000.00 exclusive of interest, except in suits for damages for physical injuries to or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances."

Section 29, p. 46, reads as follows:

"The Courts of Appeal, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which jurisdiction shall extend to all cases, civil and probate, of which the Civil District Court for the Parish of Orleans or the District Courts throughout the state have exclusive original jurisdiction, regardless of the amount involved or concurrent jurisdiction exceeding $100.00, exclusive of interest, and of which the Supreme Court is not given jurisdiction, except as otherwise provided in this constitution, and all appeals shall be both upon the law and the facts."

In interpreting these provisions of the constitution this court in Caramonta vs. De Salvo, No. 8968, decided on February 19, 1923, that "this court has appellate jurisdiction of suits for damages in excess of $2000.00 only when the damages claimed result from physical injuries inflicted upon the person", and that slander did not cause physical injuries.

A re-examination of the question has satisfied us that we were correct in our interpretation of the constitution. In the Century Dictionary we read the following definition of the word "physical":

"Relating to what is material and perceived by the senses; specially pertaining to the material part or structure of an organized being as opposed to what is mental or moral; material, bodily; as physical force, physical strength, external, obvious to the senses, cognizable through a bodily or material organization; as the physical characteristics of a mineral, opposed to chemical."

There is no allegation that when the driver grasped and squeezed the plaintiff's thigh that any physical pain or injury to the person resulted therefrom or that the part squeezed became black or blue.

The allegation is twice repeated that the plaintiff suffered "humiliation, mortification and mental pain and anguish from the insult and outrage".

Had there been physical injury or pain sufficient to confer a cause of action, for that injury and pain superinducing mental pain and anguish, then this court would have had jurisdiction to grant relief for the mental pain and anguish added to the physical pain; because, in the language of the constitution, the mental anguish arose out of the same circumstances of physical injury and was an accessory thereof. But where there is no "physical injury" to the person, but only mental pain or anguish to the mind, then this court is without jurisdiction of a claim in damages in excess of $2000.00.

The distinction between physical suffering and mental anguish has been ably considered in the case of Graham vs. W. U. Tel. Co., 109 La. 1069, 34 South. 91.

We have, therefore, come to the conclusion that consideration of this case belongs to the Supreme Court and not to this court.

It is therefore ordered, in pursuance of Act 56 of 1904, p. 135, as amended by Act 19 of 1912, p. 25, that this cause be transferred to the Supreme Court of this state, provided the appellant shall file in the Supreme Court within sixty days from this date a transcript of this cause prepared in accordance with the rules prescribed by the Supreme Court for transcripts of appeals from the District Courts to said court, together with a copy of this order; otherwise that the appeal herein be dismissed. The costs of this appeal to this court to be paid by the appellant.

Cause transferred to Supreme Court.