81 So.2d 381

C. E. HESTER et al.

v.

LOUISIANA TAX COMMISSION et al.

No. 42154.

Supreme Court of Louisiana.

April 25, 1955.

Rehearing Denied May 23, 1955.

Breazeale, Sachse & Wilson, Baton Rouge, Rivet & Blum, New Orleans, Hudson, Potts, Bernstein & Davenport, Monroe, for plaintiffs-appellants.

Fred S. LeBlanc, Atty. Gen., Carroll Buck, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., Tallulah, for intervenor.

Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, Teller & Biedenharn, Vicksburg, Miss., Sevier, Yerger & Sevier, Tallulah, for defendants-appellees.

MOISE, Justice.

This is an appeal from a judgment upholding the validity of the tax assessment of the Vicksburg Bridge made by the Louisiana Tax Commission.

The suit is a declaratory judgment action brought by the assessor, in conjunction with the local taxing authorities and tax beneficiaries of Madison Parish, Louisiana, in which the State of Louisiana has intervened as a plaintiff, through its Attorney General on direction of the Governor of the State, against the Louisiana Tax Commission and Warren County, Mississippi, owner of the Vicksburg Bridge which spans the Mississippi River between Vicksburg, Warren County, Mississippi and Delta Point, Madison Parish, Louisiana.

The 1952 assessment of $3,150,000 was identical with the assessments made for 1950 and 1951 by the Madison Parish As-

sessor. These assessments were listed and assessed for said tax years 1950, 1951 and 1952 with the unanimous approval of the Police Jury of the Parish (sitting as a Board of Reviewers) and fully approved and certified by the Louisiana Tax Commisssion as a correct legal assessment of that portion of the bridge in Madison Parish, Louisiana. This was done after hearing and a denial of written protest filed by the taxpayer, who contended:

First—that said bridge was tax exempt, ownership being in a public body; and

Second—if not, that said assessment valuation was excessive.

In fact, Warren County, Mississippi contends that the Louisiana Tax Commission has the right, power and duty to assess this property, and that the Court should hold that it is within the province of the Louisiana Tax Commission to fix the amount of assessment. It prays for a judgment decreeing that the true and correct valuation of its property is not in excess of $1,000,000; and that alternatively the said assessed valuation should not exceed $1,200,000.

The Louisiana Tax Commission answered the petition, declaring that it has a supervisory jurisdiction; that it may change or correct any and all assessments of property in order to make the assessment conform to its true valuation, said change or correction to be made at any time before the taxes levied have actually been paid; that the Vicksburg Bridge falls in the category of property which *shall* be assessed by the Louisiana Tax Commission and must be included on the Louisiana public service roll for 1952; and, that this assessment, which was cancelled and changed to $1,800,000 is binding on all parties concerned.

The historical background is pertinent.

In 1926 Congress enacted Public Law No. 170, Act May 3, 1926, 44 Stat. 388, which granted consent to the Vicksburg Bridge and Terminal Company (a Delaware corporation), its successors and assigns, to construct, maintain and operate a combined highway and railroad toll bridge across the Mississippi River between Vicksburg, Warren County, Mississippi and Delta Point, Madison Parish, Louisiana. This bridge was completed in April, 1930, and it has been in constant use up to the present time. The bridge issued and sold revenue bonds in a sufficient amount to pay the original cost of construction and financing.

Upon its completion, that portion of the bridge in Louisiana was exempt from the payment of ad valorem tax up to and inclusive of 1935. Louisiana Constitution of 1921, Article X, Sec. 4, Para. 7, LSA.

Beginning in 1936, the Assessor of Madison Parish assessed that portion of the bridge in Louisiana on the assessment property roll for valuation fixed by the Assessor and approved by the Madison Parish Board of Reviewers and the Louisiana Tax Commission.

Warren County, a political subdivision of the State of Mississippi, acquired fee title to the bridge by purchase on April 30, 1947. The Madison Parish Assessor continued to assess the Louisiana portion of the bridge in the name of Warren County, Mississippi, which paid the taxes under protest and then sought by litigation in the federal and state courts to recover the amount paid.

On October 17, 1952, the Louisiana Tax Commission issued and sent to C. E. Hester, Tax Collector, and to other proper officials of Madison Parish, its order directing *that the bridge assessment, in its entirety, be cancelled from the general or miscellaneous property rolls*; and, in lieu thereof, the Louisiana Tax Commission made a direct assessment of the bridge property in Madison Parish, Louisiana on the public service roll on an assessed valuation of $1,800,000. The order of the Tax Commission reads as follows:

"State of Louisiana
Louisiana Tax Commission
Baton Rouge

Honorable C. E. Hester
Sheriff & Tax Collector
Parish of Madison
Tallulah, Louisiana

October 17, 1952

Dear Sir:

Under the provisions of Act 18 of the Second Extra Session of 1934, you are hereby directed and instructed to make the following changes on your assessment roll, for the year as indicated:

1952

Vicksburg Bridge Commission of Warren County Mississippi—Ward 2, Assessment No. 110
P. O. Box 908
Vicksburg, Mississippi

*Cancel*—Vicksburg-Delta Bridge, Miscellaneous Property totaling $3,150,000.00.

(The Louisiana Tax Commission is hereby cancelling the above assessment for 1952, under authority of Revised Statutes 47:1980 and Seq., because same was erroneously placed on the tax roll by the Assessor of Madison Parish.

Ward—Public Service Roll—2

*Add*—Vicksburg-Delta Bridge, Miscellaneous Property, $1,800,-000.00. Not assessed.

(The Tax Commission is placing the property of Warren County Bridge Commission, commonly known as the Vicksburg Bridge, on the Public Service Roll in the amount of $1,-800,000.00, under the authority of Revised Statutes 47:1980 and Seq.)

This is your authority to make these changes; to collect the taxes in accord therewith; and to make settlement with the State of Louisiana as instructed.

We are this day forwarding a copy of this letter to the State Auditor, the Assessor of your Parish, and to the Taxpayer, for their information and guidance.

    Yours very truly,

        Louisiana Tax Commission

           (Sgd.) Chas. Zatarain, Member

           (Sgd.) Edgar G. Mouton, Member

           (Sgd.) R. E. Jacobs, Chairman"

The taxpayer paid the tax under protest.

Thereupon, this suit was filed under Act No. 431 of 1948 and Act No. 22 of the Extra Session of 1948, LSA–Revised Statutes 13:4231 et seq. Plaintiffs prayed for a declaratory judgment decreeing that the 1952 assessment of $1,800,000 of the bridge property in Madison Parish, Louisiana—directed by the Louisiana Tax Commission—was arbitrary, erroneous, unreasonable, illegal, null and void; and that the only correct and lawful assessment of the bridge property in Madison Parish, Louisiana for the year 1952 was $3,150,000, as shown by the 1952 tax roll, lawfully made, approved and originally filed.

The Declaratory Judgment Act, Sec. 1, Act No. 431 of 1948, and Sec. 1, Act No. 22 of the Extra Session of 1948; LSA–Revised Statutes 13:4231, declares that the declaration by the Court may be affirmative or negative in form and effect, and that such declaration shall have the force and effect of a final judgment or decree.

We have cited the historical background and the facts, as shown by the record. It is now for us to state the law to which the facts apply.

█ In 1951, in the case of Warren County, Mississippi v. Hester, 219 La. 763, 54 So.2d 12, 16, this Court held that this same bridge was not public property within the provisions of the Louisiana Constitution exempting from taxation all public property. Constitution 1921, Article X, Sec. 4, Subds. 1–15, as amended. This Court held that the bridge was not dedicated to public use and stated:

"* * * If the revenues derived from the tolls of the bridge were being used exclusively for its maintenance and economic operation, it might be reasonable to rule that there has been a dedication. But those are not the facts of the case. *Actually, plaintiff is employing a substantial part of the revenue derived from tolls charged the general public to liquidate its obligation for the purchase price of the structure.* Indeed, to hold that this bridge was dedicated to public use in 1948 merely because plaintiff evinces the intention of making it toll free at some future date, when the truth is that each and every person using it is required to pay, would be unrealistic, to say the least."

Therefore, under the above ruling, the bridge is not a public utility.

This bridge is sui generis, because it is the only property of its kind in the state.

An analysis of the applicable assessment laws of Louisiana will show that the Vicksburg Bridge property is not the kind of property the Louisiana Tax Commission has the right and power to assess. This is particularly true when the assessment is initially and directly made by it. In our discussion, all reference to the LSA–Revised Statutes will be made to Title 47 and only section numbers will be given. These are quoted in the state's brief, and we are adopting them as the applicable law.

Section 1956 authorizes the Tax Commission to require the assessors to make up assessment lists in a formal manner and according to a method to be prescribed by it.

Section 1957 prescribes that the assessors shall be responsible, under the supervision of the tax commission, for listing and assessing all property within their respective parishes—

"* * * except such property as is subject to direct assessment by the tax commission."

Section 1979 is a matter of substance. It defines what property is subject to direct assessment by the tax commission, and the first paragraph thereof reads:

"The actual cash valuation and assessment of gas and oil pipe lines, electrical transmission lines, water and gas distribution systems, railway telegraph, telephone, sleeping car, and express businesses throughout the state shall be fixed and assessed by the tax commission for all purposes."

No mention is made of property such as we have in this case—a toll bridge.

Section 1980 makes no reference to bridges. The only time the word "bridge" is used is in connection with other personal property of railroads, where bridges are included in track valuation.

Section 1982 is a qualification of the rule concerning assessments, because it deals with ferry boats, watercraft, etc. This section provides that these shall be assessed proportionately in each such parish or municipality by the assessing authorities thereof.

Section 1985 provides:

"The tax commission is authorized and empowered to correct or change the assessment of any public service corporation or other property owner, when the assessment is made directly by the tax commission, in order to make the assessments conform to the true facts. In order to correct or change any such assessment, it shall only be necessary for the tax commission to issue instructions to the assessor to make the change upon the assessment roll, * * *."

Section 1987 provides:

"The listing and estimation of the valuation of all real and personal property shall be completed by the assessor * * * on or before the first

day of May in each year. * * * The assessors shall give notice in some newspaper * * * that the listing of the property has been completed and the estimated valuation * * * and that this list will be exposed in the office of the assessor * * *."

Section 1988 provides:

"The value of all taxable property in the state *shall be equalized* by the tax commission. * * *"

Section 1990 provides:

"The tax commission may change or correct any and all assessments of property for the purpose of taxation, in order to make the assessments conform to *the true and correct valuation*, not to exceed its actual cash value. * * *"

Section 1992 provides:

"* * * The governing authority of the parish shall sit as a board of reviewers on the assessment *of all property not directly assessed by the tax commission.* * * * In any case where the board of reviewers may determine that the amount of actual cash valuation fixed by the tax commission is too high, it shall cause a record thereof to be made by the clerk of the governing authority of the parish * * * and the tax commission shall review the case. * * * The parish board of reviewers, of its own initiative or upon the complaint of taxpayers, may oppose the actual cash valuation fixed by the tax commission * * *."

Section 1993 provides:

"As soon as the assessment lists have been approved by the parish governing authorities as boards of reviewers, the assessors shall prepare the assessment rolls in triplicate * * *.

"The act of depositing the rolls by the assessor in the office where the records of the parish are kept, shall be deemed prima facie evidence that the assessment has been made and completed in the manner provided by law. * * *

"From the day the roll is filed in the recorder's office, it shall act as a lien upon each specific piece of real estate thereon assessed, * * *."

Section 1998 provides:

"*The assessor shall bring suit, when necessary, to protect the interest of the state, and shall also have the right of appeal and such proceedings shall be without cost to him or the state.* * * *"

■ The evidence shows that the procedure outlined (beginning with Section 1987) has been followed with respect to the valuation of this bridge, not only for the year 1952 but for every year prior thereto since this bridge was first assessed in 1936. The statutes very clearly show

that the direct assessment made by the Louisiana Tax Commission was improper. However, if there is any doubt as to what the legislature intended, the contemporaneous construction made is persuasive. The Tax Commission and the Assessor, who together are the agents charged with the administration of these tax laws, have interpreted the law to mean just what the plaintiffs contend in this suit. State ex rel. Guillot v. Central Bank & Trust Co., 143 La. 1053, 79 So. 857; State ex rel. Payne v. Exchange Bank of Natchitoches, 147 La. 25, 84 So. 481; Dominion Land Co. v. Stark, 156 La. 124, 100 So. 244; State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601; State v. Standard Oil Co. of Louisiana, 190 La. 338, 182 So. 531; Jackson v. Coxe, 208 La. 715, 23 So.2d 312; National Lead Co. v. U. S., 252 U.S. 140, 146, 40 S.Ct. 237, 64 L.Ed. 496; Delta Life Ins. Co. v. Martin, La. App., 59 So.2d 465; Texas Co. v. Wilkinson (Magnolia Petroleum Co. v. Wilkinson), D.C., 21 F.Supp. 771, 780; Douglas v. Commissioner of Internal Revenue, 322 U.S. 275, 64 S.Ct. 988, 88 L.Ed. 1271; Mogis v. Lyman-Richey Sand & Gravel Corp., 8 Cir., 189 F.2d 130, Id., 342 U.S. 877, 72 S.Ct. 168, 96 L.Ed. 659.

LSA–Revised Statutes 47:1990 requires that the Tax Commission must act before the taxes levied have actually been paid.

In this case the Tax Commission did not make any change or correction in the assessment. It arbitrarily cancelled the existing assessment from the regular roll altogether and itself made a new one upon the public service roll, for which it had no authority whatsoever to do.

LSA–Revised Statutes 47:1998 does not say that the action of the Tax Commission is final. On the contrary, it includes the provision that the Assessor shall bring suit to protect the interest of the State of Louisiana, which we have heretofore observed in the prior laws.

In this case, the action is against the Louisiana Tax Commission for the protection of the interest of the State of Louisiana.

Article VII, Section 1, of the Louisiana Constitution of 1921 declares that the judicial power shall be vested in the Supreme Court, in Courts of Appeal, in District Courts, and in such other Courts as therein specified. The Constitution did not place the Tax Commission beyond the supervision of the judiciary, the Legislature has no power to do so, and the Tax Commission does not contend that it has such powers.

For the reasons assigned, the judgment of the district court is reversed and set aside.

It is now ordered, adjudged and decreed that the 1952 assessment of $1,800,000 of the Bridge Structure property of Warren County, Mississippi, situated in Madison Parish, Louisiana, (directed by the Louisiana Tax Commission) be cancelled and set aside;

It is further ordered, adjudged and decreed that the 1952 assessment of $3,150,000 of the Bridge Structure property of Warren County, Mississippi, situated in Madison Parish, Louisiana, (as made up by the Madison Parish Assessor, approved and originally filed) be reinstated.

All costs to be paid by defendant, Warren County, Mississippi.