**CITY OF SHREVEPORT v. WILKINSON.**

No. 33402.

May 27, 1935.

Rehearing Denied July 1, 1935.

Richard H. Switzer and Irion & Switzer, all of Shreveport, for appellant.

Wilkinson, Lewis & Wilkinson, of Shreveport, for appellee.

BRUNOT, Justice.

Cross Lake is a large body of navigable water situated beyond the limits of the city of Shreveport. There are two or three islands in the lake. The bed of the lake came to the state by virtue of its sovereignty, and title to the islands passed from the federal government to a railroad company, the author of the titles of the present owners. By Act No. 31 of 1910, as amended by Act No. 149 of 1920, the state conveyed to the city of Shreveport title to the bed of the lake, with reservation of the mineral rights, and by Act No. 39 of 1926 the state delegated to the city of Shreveport the following powers:

"To adopt, exercise and enforce police and sanitary regulations and ordinances over the bed and waters of Cross Lake and the area surrounding same with its tributaries for a distance of five thousand feet from the 172 foot mean gulf level contour line of said lake for the protection of the same from pollution and con-

tamination as a water supply for the City of Shreveport."

In the exercise of the powers the state had delegated to it, the city of Shreveport, Cross Lake being the water supply of the city, adopted an ordinance entitled "Ordinance No. 8 of 1935." Section 16 of this ordinance, among other provisions, contains the following:

"No boat of any kind or description shall be permitted on the waters of Cross Lake before daylight or after dark."

Mrs. Scott Wilkinson, by mesne conveyance, acquired a site on one of the islands in Cross Lake and erected thereon a rather pretentious residential building, which she, her husband, and their guests frequently occupied for purposes of recreation and pleasure. Mr. Wilkinson owned two motorboats which were moored at docks on the lake and used by himself and family as his means of conveyance to and from his recreation home on the island. On a certain occasion Mr. Wilkinson entertained guests at his island home, and upon returning therefrom to the shore, by boat, some time after dark, he was arrested and charged with violating the provision of section 16 of Ordinance No. 8 of 1935. which is quoted, supra.

As a defense to·the charge, the defendant pleaded the unconstitutionality of the quoted provision of the ordinance; first, in a motion to quash the charge, and thereafter in a special plea of unconstitutionality. The city judge maintained the defendant's motion to quash the charge, upon the theory that the ordinance was unconstitutional, and the city appealed.

■ Inasmuch as Cross Lake is the sole water supply of the city of Shreveport, and the city's delegated powers of control over its waters, its tributaries, and the lands surrounding them are supreme, we find it impossible to hold that the quoted provision of section 16 of the ordinance is in itself unconstitutional. It can only be held to be so upon the theory that its rigid enforcement may result in violations of the Federal and State Constitutions. To the extent that its enforcement does so, the rights of individuals will be protected by the courts. The city judge says:

"The only question now is whether the going to and from the island at night will pollute the water of the lake or make it unsanitary.

"The Court believes that under the City's power with reference to Cross Lake that it can do anything to prevent a pollution of the water or render it unsanitary, these powers being given to the City under its grant of the use of Cross Lake. * * *

"Boats ply Cross Lake during the day, and the question is whether going to and from that island at night will endanger the water insofar as pollution and unsanitary conditions are involved."·

■ We think that, in this case, the attempted literal enforcement of the quoted provision of the ordinance is unreasonable

and, for that reason, the motion to quash the charge against the defendant should be maintained, and, as thus amended, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the ruling that the ordinance is constitutional, but is of the opinion that that is the only question before the court.