HIGGINS, Justice.
 

 The defendant was charged in an affidavit filed against him in the City Court of Shreveport with a violation of Ordinance No. 40 of 1939, known as the Shreveport Parking Meter Ordinance, in that he parked a motor vehicle in a meter zone within the municipal limits without depositing a coin in the meter, as he was required to do under the provisions of the Ordinance for the privilege of parking.
 

 The defendant filed a demurrer on the ground that the Ordinance is ultra vires, as it is contrary to the provisions of Act 10 of the First Extraordinary Session of 1934.
 

 The City filed, in the alternative, a plea of unconstitutionality of the Statute on the ground that the title of the Act was fatally defective, because the body of the Act is broader than its title and the Act embraces more than one object.
 

 The City judge entered judgment sustaining the demurrer and overruling the alternative plea of unconstitutionality of the Act. The City appealed.
 

 The Ordinance in question creates parking meter zones in the City of Shreveport, comprising certain named streets, on which automobile traffic is heavy and congested. It prohibits continuous parking in excess of one hour within the zones and prescribes penalties for the violation of its regulations. Provision is made for individual parking spaces to be made by lines painted on the surface of the street immediately adjacent to the curb and for the installation at the curb of parking meters opposite each of the parking spaces. An automobile operator is required to deposit a nickel in the meter, immediately upon parking his car in the space, for the privilege of remaining there one hour. He may also deposit a penny in the meter for the privilege of parking twelve minutes. At the end of these respective periods of time by mechanical operation, automatically controlled, a red flag is raised on the meter, showing that the period of time for the parking of the vehicle in that particular space has expired.
 

 It is recited that these regulations were made because conditions in certain sections of the City impeded the free movement of vehicles and that other attempts to regulate traffic and parking in these areas had not been as successful as was desired. It is stated that it was the custom of numerous operators of automobiles to park for a long period of time in close proximity to other cars, causing a congestion of traffic in the streets and resulting in danger to life, limb and property. It is also stated that the
 
 *620
 
 parking fee is imposed for the purpose of defraying a portion of the cost of installing and maintaining the parking meters. The Ordinance makes it an offense for anyone to park a motor vehicle within a meter zone without immediately depositing the necessary coin for the privilege of parking. Certain places as loading zones for trucks for the use of property owners within these parking meter zones are provided.
 

 The defendant parked his automobile in a zone without depositing a coin in the meter in violation of the' Ordinance.
 

 Act 10 of the First Extraordinary Session of 1934 reads as follows:
 

 “An Act To limit and regulate the imposition, levy and collection of taxes, licenses and excises by municipalities and parishes; and to repeal all laws or parts of laws in conflict.
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That no municipality or parish of this State shall impose, levy or collect any tax, license, or excise, of any character whatsoever', upon any property, business, occupation, vocation, profession, or upon the exercise of any right or privilege, or upon the performance of any act whatsoever, not taxed by the State.
 

 “Section 2. That no tax, license or excise, of any character whatsoever, shall be imposed, levied or collected by any municipality or parish of this State without express and special legislative authority describing the tax, license or excise to.be imposed, levied and collected, and no tax, license or excise shall be imposed, levied or collected • under any police, implied or inherent powers of any municipality or parish.
 

 “Section 3. That this Act shall not apply to any tax, license or excise expressly authorized by the Constitution.
 

 “Section 4. That all laws, or parts of laws, in conflict herewith be and the same are hereby repealed.”
 

 It is conceded that the Ordinance in question levying the alleged license is not expressly authorized by any provision of the Constitution or Statute of the State and that the City was acting under its implied or inherent powers.
 

 Webster’s Dictionary defines a license to be “a formal permission from the proper authorities to perform certain acts which without such permission “would be illegal.”
 

 In 3 Words & Phrases, Fifth Series, 987, a license is defined in legal terms as the “permission to do something which, without the license, would not be allowable.” Board of Commissioners of Jefferson County v. Mayr, 31 Colo. 173, 74 P. 458, and Zevely v. Weimer, 5 Ind.T. 646, 82 S.W. 941; See also, 17 Ruling Case Law, 474.
 

 In the case of State v. Schofield, 136 La. 702, 67 So. 557, the Court held that licenses may be levied for revenue purposes under the taxing power or for regulation under the police power, and the fact that they are levied for the latter purpose does not change their character as licenses. See, also, In re Central Bank & Trust Company, 143 La. 1053, 79 So. 857; Lacoste v. Department of Conservation, 151 La. 909, 92 So. 381; Cooley on Taxation, Vol. 4, page 3524, section 1794.
 

 
 *622
 
 It will be noted that the limitation placed upon the municipality’s power by the Act covers a license imposed upon the exercise of any right, or privilege, or upon the performance of any act whatsoever, not taxed by the State. This broad language, as well as the spirit of the Statute in question, embraces and covers the parking fee or charge or license imposed by the Ordinance.
 

 In the cases of Birmingham v. Hood-McPherson Realty Company, 1937, 233 Ala. 352, 172 So. 114, 108 A.L.R. 1140, and State ex rel. Harkow v. McCarthy, 1936, 126 Fla. 433, 171 So. 314, the Court stated that although the fee levied by an Ordinance for parking a vehicle on the streets of the municipality may be said not to be a tax, it is a license fee exacted for a privilege not otherwise possessed by the citizens. Blashfield’s Cyclopedia of Automobile Law .& Practice, section 78, Supplement of 1939.
 

 The Statute here prohibits the levying of .a license of any character whatsoever, either under the municipality’s taxing power or police power, unless such a license is levied by the State.
 

 Counsel for the City argue that the word “license” as used in the Statute means “license tax.” To give this interpretation to the Act would be charging the members of •the Legislature with enacting a Statute to limit a power which has already been limited by the law of this State, for in the •cases of the City of Baton Rouge v. Sanchez, 1926, 161 La. 320, 108 So. 552, and State v. Schofield, 1915, 136 La. 702, 67 So. 557, the Court decided that a license tax could not be levied under the police power.
 

 The argument that the City had the right under its inherent or implied powers to adopt the Ordinance .ignores the law that a municipality is a creature of the State and that the Legislature has the right to pass an Act limiting and restricting its powers, provided the Statute does not abrogate the vested rights of third persons. State ex rel. Porterie v. Walmsley, 183 La. 139, 162 So. 826. It also disregards the fact that the Legislature exercised its right to limit and restrict the municipal authorities’ implied or inherent powers by passing Act 10 of the First Extraordinary Session of 1934.
 

 We conclude that the provisions of the Statute in question are applicable in the instant case and that the action of the City authorities, in attempting to impose a .license by Ordinance for the privilege of parking an automobile or a vehicle on its streets, is ultra vires.
 

 Counsel for the City has referred us to the case Ex Par.te Duncan, 179 Okl. 355, 65 P.2d 1015, stating that the Supreme Court of Oklahoma upheld a similar parking meter Ordinance as valid. • The Statute in that case limited the authority of a municipality to • levy or impose a fee or a license upon automobile owners for a permit for the free use of the public highways. The Court concluded that the free use of .public highways only covered travelling thereon and not parking and, therefore, the Act of the Legislature was inapplicable to the. Ordinance in question. That .case is dissimilar from the instant one because the
 
 *624
 
 Legislature of this State prohibits a municipality from levying or imposing a license for any privilege exercised by its citizens not taxed by the State. The Oklahoma Statute is not as inclusive and comprehensive as the Louisiana Act.
 

 Is the Statute a valid exercise of the Legislature's constitutional right? It is said that the Act is unconstitutional because its body is broader than its title and embraces more than one object, in violation of Article 3, section 16 of the Constitution of 1921. There are two reasons why this contention is not sound: (1) It does not necessarily follow from a withdrawal of the power to levy or impose licenses under the police power, that the police or regulatory power is denied; and (2) even though the exercise of the police power may be limited insofar as the levying of licenses thereunder may be concerned, the title of the Act is indicative of such intent.
 

 The Act does not deny the exercise of'the police power for it does not deal with the question of the regulation of parking. The Act merely states that no license may be levied or imposed under the police power. The levying of a license is a mere incident to the exercise of the police power. The purpose of the levying of a license under the police power is to permit the levying authority to force those regulated thereunder to pay for the regulation. The power to levy a license is not an essential element of the police power. The same regulation may be made under an Ordinance not requiring payment of a license, with the cost of the regulation coming from other funds. Furthermore, the constitutional provision in question with reference to the title of an Act of the Legislature simply requires a title to indicate generally the contents of the Act. The provision in the title of the instant Statute, indicating that it was an Act to limit the imposition of licenses, without designating that licenses whether levied under the taxing power or police power, or both, was intended to be covered, is sufficient.
 

 In the case of State v. Monteleone, 171 La. 437, 131 So. 291, it was stated that the title of the Act sufficeth if it merely places persons in interest upon reasonable notice^ to inquire into the Statute itself.
 

 In the case of White Oil Corporation v. Flanagan, 153 La. 837, 96 So. 675, 676, the Court decided that the title of the Act need not be an index of its provisions nor indicate the means, method or manner in-which its general purpose is to be accomplished and that “it sufficiently complies with the law if it goes into the subject so-as to place all persons in interest upon reasonable notice to make inquiry into the statute itself.” We are of the opinion that the body of the Act is not broader than its. title.
 

 The Act is also attacked on the ground that it embraces more than one object. In the case of State v. Lahiff, 144 La.. 362, 80 So. 590, th'e Court stated that the-constitutional requirement does not mean that each and every means appropriate for accomplishing a single object (limiting the-imposition of taxes, licenses and excises) shall be provided for by a separate Act-
 
 *626
 
 It would, be most unreasonable to require one Act to prohibit the levying of licenses under the police power and another Act to prevent the levying of such licenses under the taxing power. It is our conclusion that the Act does not embrace more than one object and that the trial judge was correct in holding that the Statute is constitutional.
 

 Buchler v. Fourroux, 193 La. 445, 190 So. 640, cited by appellant, is not applicable because the Court held that a chattel mortgage Statute which would be construed so as to cover leased buildings, or immovable property, would be unconstitutional as the title of the Act did not state or indicate that the Act was intended to cover or affect immovable property.
 

 For the reasons assigned, the judgment appealed from is affirmed at appellant’s costs.
 

 O’NIELL, C. J., concurs in the decree.
 

 LAND, J., absent.