**4 So.2d 801**

**CITY OF SHREVEPORT v. CASE.**

**No. 36297.**

Nov. 3, 1941.

John S. Webb, Asst. City Atty., of Shreveport, for plaintiff-appellant.

J. F. Phillips, of Shreveport, for defendant-appellee.

McCALEB, Justice.

The defendant, Joe Case, was prosecuted in the City Court of Shreveport for operating a motor boat on Cross Lake without a muffler in violation of City Ordinance No. 30 of 1939, the pertinent part of which provides that: "No motor boat shall be permitted upon the waters of Cross Lake unless and until the same is equipped with a muffler in good working order, and if the same be equipped with a cut-out, the same shall be kept closed."

He moved to quash the charge made against him on the ground that the city ordinance is unconstitutional, null and void for eight separate and distinct reasons. His motion was sustained by the City Judge and the City of Shreveport has appealed from the adverse decision.

Cross Lake is a large body of water located just beyond the city limits of Shreveport. It is approximately ten miles long and varies in width from two to three miles. The title to the bed of this lake was acquired by the City of Shreveport from the State of Louisiana by authority of Act 31 of 1910. By that Act, the State, as owner of the bottom of the lake, authorized the Register of the Land Office to convey its bed to the City of Shreveport so that its water might be available to the city for the purpose of enabling it to provide a water supply of good, pure and wholesome water for its citizens. It further provided that title to the bottom of the lake would remain in the city as long as it utilized the lake for its water supply but, in the event it should cease such use, title would then revert to the State. In addition to this grant, the Legislature, by that statute, also delegated certain power to the city with respect to its control of Cross Lake for the protection and conservation of its water supply and it was provided in Section 4 that the city is given authority to make such rules and regulations for the government of the lake as its City Council might from time to time determine. Later, by Act 39 of 1926, the powers delegated by the Legislature to the city in Act 31 of 1910 were extended to cover not only the lake itself but the lands surrounding the lake for a distance of 5000 feet from the meander contour line.

In pursuance of the authority vested in it by Acts 31 of 1910 and 39 of 1926, the City of Shreveport, by Ordinance No. 8 of 1935, undertook to prescribe regulatory measures with respect to the use of Cross Lake by the public and in Section 16 thereof the use of the lake by motor boats and other water craft was restricted to certain hours and otherwise conditioned. And, by

Ordinance No. 30 of 1939, Section 16 of Ordinance No. 8 of 1935 was supplemented and amended so as to provide that motor boats operating on the waters of the lake should be equipped with a muffler.

The main ground advanced by the defendant in his attack upon the validity of the amended ordinance is that the Legislature, in delegating certain powers to the City of Shreveport over Cross Lake, has limited the authority of the city to enact such ordinances and regulations which might be necessary for the protection of its water supply from pollution and contamination and that, since the operation of a motor boat upon the lake, either with or without a muffler, admittedly does not contaminate or pollute the water of the lake or affect the city's water supply, the city, by prohibiting such operations, is attempting to assume power which does not reside in it.

On the other hand, the City Attorney, while conceding that the operation of a motor boat without a muffler does not in any manner tend to contaminate, pollute or otherwise affect the waters of Cross Lake, maintains that the Legislature has, by Acts 31 of 1910 and 39 of 1926, delegated to the City of Shreveport full and plenary power over the waters of the lake and the land adjacent thereto and that, therefore, it is vested with complete authority to enact such police regulations as it may deem necessary for the health, convenience and comfort of the public generally in its use of the lake.

Section 4 of Act 31 of 1910 provides: "That the City of Shreveport in the protection and conservation of its water supply is hereby granted full and plenary power over the said lake and may make such rules and regulations for the government thereof as its City Council may from time to time determine * * *."

The defendant claims that the above-quoted provision plainly evinces the legislative intention to delegate to the city the restricted power of regulating the use of Cross Lake "in the protection and conservation of its water supply". Contra, the City Attorney argues that the delegation by the Legislature of police power over Cross Lake to the city is unlimited and he points with confidence to that part of Section 4 of the statute which declares that the city "is hereby granted full and plenary power over the said lake".

Conceding, for the sake of discussion, that there may be some doubt with respect to the power actually delegated to the City of Shreveport by the Legislature in Section 4 of Act 31 of 1910, we think that a consideration of the Act as a whole clearly indicates that it did not intend to give the city unlimited police power over the lake. The first three sections of the Act make plain the design of the Legislature to permit the city to use the lake solely for the purpose of supplying its citizens with water. And in Section 4 this legislative intention is again manifested by the delegation to the city of full and plenary power to pass such necessary rules and regulations for the government of the lake "in the protection and conservation of its water supply". This conclusion is fortified by the later statute (Act 39 of 1926) wherein the Legislature extended the jurisdiction of the city to the lands adjacent to and abutting

Cross Lake. That Act, which is a law upon the same subject matter and must be read in connection with Act 31 of 1910, declares: "That the City of Shreveport is hereby granted full power and authority to adopt and enforce all needful police and sanitary ordinances and regulations for the protection of the bed and waters of Cross Lake purchased from the State of Louisiana for a water supply and now in use as such *from pollution and contamination from any source* and is likewise granted similar power and control over the area surrounding said lake for a distance of five thousand feet * * * *so as to prevent its pollution, contamination or destruction by salt water, refuse, filth, or from any other cause that would in any manner whatsoever endanger or render harmful or unsanitary the use of the waters of the Lake by the citizens of the City of Shreveport. * * * *"* (Italics ours.)

The foregoing makes clear, if any doubt existed, the limited scope of power delegated by the Legislature to the city—that is, the power to pass such ordinances which have for their underlying purpose the prevention of pollution and contamination of the waters of Cross Lake. The language used in the Acts cannot and should not be construed or interpreted to mean that the City of Shreveport has been delegated the police power over Cross Lake which it now enjoys with respect to property and persons situated within the confines of its corporate limits.

It is well established that, as a general rule, the police power of a municipal corporation can be exercised only within its own area and cannot be exerted elsewhere even though it may have acquired property outside of its geographical limits. Of course, the Legislature may, as in this case, grant the municipality the right to exercise police power outside of its corporate limits. But statutes authorizing such municipal power are to be strictly construed. See McQuillin Municipal Corporations, 2d Ed., Vol. 3, Section 952; 19 Ruling Case Law, Section 75, and 43 Corpus Juris, Section 233, and cases there cited.

The City Attorney, in stressing his contention that the city has been delegated the power to enact the ordinance in question, relies heavily upon the decision in City of Shreveport v. Wilkinson, 182 La. 783, 162 So. 621, where this court held that Section 16 of City Ordinance No. 8 of 1935 was constitutional. In that case, Mr. Scott Wilkinson, a prominent attorney of Shreveport, was prosecuted for operating a boat on the waters of Cross Lake in the nighttime in violation of the City Ordinance. He attacked the constitutionality of the ordinance and his plea was maintained by the City Judge. On appeal to this court, the city contended that the ordinance was valid for the reason that the regulation was passed for the purpose of enabling it to protect the water of Cross Lake from pollution and that, if motor boats were permitted to operate on the lake at night, it would be difficult for it to properly police their movements and prevent any one on the boats from throwing refuse or other materials into the water and thereby contaminate it. The contention of the city was upheld in this court and we found that Section 16 of

the ordinance was not in itself unconstitutional.

We think that the decision in the Wilkinson case is readily distinguishable from the case at bar on the ground that, there, the acts prohibited by the ordinance constituted a reasonable exercise by the City Council of the restricted power delegated to the city by the Legislature to pass all needful ordinances for the protection of Cross Lake from contamination and pollution, whereas, here, the act sought to be prohibited is conceded by the city to have no relation whatever to the contamination or pollution of its water supply.

The City Attorney further makes the alternative argument that, in the event we are of the opinion that the power delegated by the Legislature to the City of Shreveport over Cross Lake is limited to the enactment of such measures having for their purpose the prevention of the contamination and pollution of its water supply, then the ordinance should be upheld for another reason—"that is, where a legislative body may withhold the grant of a right, it may impose terms when conferring it." The proposition advanced seems to be that the city, in the protection of its water supply, had the right to prohibit the operation of all craft upon the waters of the lake but that, since it has not seen fit to do so, it can nevertheless regulate the operation of water craft by providing that motor boats shall be equipped with mufflers notwithstanding that the use or nonuse of mufflers does not contaminate, pollute or otherwise affect its water supply.

We find no substance whatever in this argument. The rule of law, upon which the City Attorney depends, applies to general police power vested in legislative bodies and has no reference to the restricted extraterritorial power possessed by the city over Cross Lake which has been delegated to it by the Legislature. Assuming that the City of Shreveport, in the exercise of its power to prevent the pollution of Cross Lake, would have had the right to prohibit the operation of all water craft on the lake, it does not follow that it has the right to so regulate the use of water craft on the lake for purposes admittedly extraneous to, and disconnected with, the restricted power delegated to it by the Legislature.

A reading of the authorities cited by the City Attorney in support of this point amply demonstrates that the doctrine relied upon is inapposite. In fact, in the decision in Town of Keene v. Town of Roxbury, 81 N. H. 332, 126 A. 7, 9, the court specifically recognizes the principle that the delegation of power to a municipality by the Legislature to exercise extraterritorial jurisdiction should be strictly construed and that the Legislature has the right to limit the power delegated with such restrictions as it sees fit to impose. There the court said: "Holding real estate in another town for waterworks purposes is not a matter of municipal right. It may be granted or withheld as the Legislature sees fit. * * * Such use of property is a public one. Its enjoyment is a kind of franchise, and it is familiar law that a grant of such power may be upon such terms and conditions as the granting authority sees fit to impose."

█ In the instant case, the Legislature did not delegate to the City of Shreveport general police power over Cross Lake. On the contrary, it has limited and restricted (as it had the right to do) the authority of the city to enact such needful regulations and ordinances designed for the special purpose of protecting the source of its water supply from pollution and contamination. The attempt by the City Council, in the enactment of the ordinance under attack, to exercise general police power over the lake was therefore ultra vires. The ordinance is not unconstitutional but it is illegal and unenforcible. The City Judge was therefore correct in sustaining the defendant's motion to quash.

For the reasons assigned, the judgment appealed from is affirmed.