Dear Representative Frith:
This responds to your request for an opinion of this office concerning the authority of the Town of Kaplan to operate municipal water and sewerage systems.
You have attached Sections 12:018 and 13:011-1 of the Code of Ordinances of the Town of Kaplan pertaining to connections to public water supply and to community-type systems as follows:
SECTION 12:018 CONNECTIONS TO PUBLIC WATER SUPPLY
 All inhabited premises and buildings located within 300 feet of an approved public water supply shall be connected with such supply provided that the property owner is legally entitled to make such a connection. The State Health Officer may grant permission to use water from some other source.
 SECTION 13:011-1 CONNECTIONS TO COMMUNITY-TYPE SEWAGE SYSTEMS
 Where an established community-type sewage system (either public or private) is available and there is ample water supply, all toilet, bath, laundry, kitchen and other plumbing fixtures within any structure shall take into connected to such community-type sewage system. Determination by the State Health Officer of the availability of a community-type system shall take into consideration, among other aspects the separation (both horizontal and vertical) of the structure in question and the sewer main or lateral, political or geographic or legally created boundaries and the available capacity of the sewer system.
The first two (2) questions posed by your request will be treated together as applicable law pertains to both as follows:
 1) Can a resident who lives outside of the corporate limits of a city be compelled to use city water if a city water line passes within 300 feet of the resident's property, even though the resident has a private deep water well which is sanitary, and in full compliance with state and federal requirements?
 2) Can a resident who lives outside of the corporate limits of a city be compelled to use a city sewer system, even though the resident has a private sewer system that is fully in compliance with state and federal requirements?
Under present law, municipal corporations may sell and distribute public utilities both within or without the corporate limits. Thus, municipalities have legal authority to provide utility services to customers in both situations, where the services are desired. See La. R.S. 33:4162 and 33:4163; Olivedell Planning Co.v. Town of Lake Providence, 47 So.2d 23 (La. 1950); and Opinions of the Attorney General 94-132.
However, the question of the exercise of regulatory jurisdiction in the sale of public utilities outside the municipal limits and, thus, the jurisdiction of the municipality, on a compulsory basis is an entirely different question. There is no authority for a municipality to compel a person who lives outside of the corporate limits of the city to use city water or the city sewer system, since there is no legal authority over non-residents. However, such persons may voluntarily use such services extended outside the political subdivision where they are available. Even in the case of water wells and sewer systems not in compliance with state and federal requirements, but outside the municipal limits, there would be no authority for the exercise of regulatory jurisdiction in the absence of special legislative authority.
It is a well established rule of law that the police power of a municipal corporation can be exercised only within the geographic area of the municipality and not beyond. The legislature may, however, grant specific legal authority for a municipality to exercise police power outside of its corporate limits, which statutes would be strictly construed. See City of Shreveport v.Case, 198 La. 702, 4 So.2d 801 (Sup.Ct. 1941); Charles v. Townof Jeanerette, Inc., 234 So.2d 794 (3rd Cir. 1970); Randolph v.Village of Turkey Creek, 126 So.2d 341 (Sup.Ct. 1961); City ofShreveport v. Brister, 194 La. 615, 194 So. 566 (Sup.Ct. 1939) (Reh. den. 1940); and McGee v. Police Jury of Caddo Parish,63 So.2d 153 (2d Cir. 1953).
The remainder of your questions will also be treated together and are stated as follows:
 3) Can a city compel a resident who lives within the city to use city water, if the resident has a sanitary deep water well long before the city incorporated the resident? Does such a system fall under the grandfather clause?
This question may be answered by reference to Section 12:018 of the Code of Ordinances of the Town of Kaplan which was attached to your opinion request and quoted above. It states, in part, that "The State Health Officer may grant permission to use water from some other source."
Therefore, the ordinance itself would allow the use of water from a deep water well in operation either before or after the city incorporated, assuming permission from the State Health Officer.
Even without the provisions of the ordinance authorizing alternative water sources, a municipality is limited in the exercise of its police power to the enactment and enforcement of ordinances reasonably necessary for the protection of the lives, property, health, comfort, convenience and general welfare of its inhabitants. See Parish Council of Parish of East Baton Rouge v.Louisiana Highway and Heavy Branch of Associated GeneralContractors, Inc., 131 So.2d 272 (1st Cir. 1961); City of NewOrleans v. Calamari, 150 La. 737, 91 So. 172 (Sup.Ct. 1922), and cases cited therein. Thus, it would seem that the municipality would have to demonstrate a public health and safety purpose within the scope of its police power which would allow it to enforce a provision requiring a citizen to abandon an existing source of water supply and, at his own expense, to connect to the public water supply, in the general interest of public health, safety or welfare.
 4) Can a city compel a resident who lives within the city to connect to a city sewer system, if the resident has a sanitary sewer system that has been approved and in compliance with state and federal guidelines? Does such a system fall under the grandfather clause?
For the same reasons explained in response to question no. 3 above, it is doubtful that a municipality could compel a resident who has a sanitary sewer system in compliance with state and federal guidelines to convert and connect to the city sewer system under those circumstances. That is, the municipality would be faced with demonstrating a lawful exercise of its police power for public health, safety or welfare reasons in excess of requirements of state and federal guidelines on the same subject, an obviously difficult burden to bear.
We hope that this opinion is of benefit to you and if we may be of further assistance, please call upon us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ GARY L. KEYSER Assistant Attorney General
RPI/GLK/bb