986 So.2d 192 (2008)
MED LIFE EMERGENCY SERVICES, INC., et al., Plaintiffs-Appellants,
v.
OUACHITA PARISH POLICE JURY, et al., Defendants-Appellees.
No. 43,340-CA.
Court of Appeal of Louisiana, Second Circuit.
June 4, 2008.
*193 McNew, King, Mills, Burch & Landry, LLP by Brady D. King, II, Monroe, for Appellants.
Blackwell Chambliss by Douglas C. Caldwell, West Monroe, for Appellee, City of West Monroe.
Nanci S. Summersgill, City Attorney, for Appellee, City of Monroe.
*194 Jerry Jones, District Attorney, Jay B. Mitchell, Assistant District Attorney, for Appellee, Ouachita Parish Police Jury.
Before PEATROSS, DREW & LOLLEY, JJ.
PEATROSS, J.
Defendants, the Ouachita Parish Police Jury, the City of Monroe and the City of West Monroe, enacted ordinances which essentially granted a single private ambulance provider the sole license to provide ambulance services in their respective jurisdictions. Plaintiffs, Med Life Emergency Services Inc., et al., filed this suit seeking a declaratory judgment that the ordinances are unlawful. The trial court denied Plaintiffs' petition for declaratory relief. For the following reasons, we affirm the judgment of the trial court.

FACTS
Defendants have coordinated the regulation of ambulance service throughout Ouachita Parish by adopting similar ordinances and administering those ordinances through the Ouachita Council of Governments ("the OCOG"), which is composed of representatives of all three governments. As part of the revision of the ambulance system for Ouachita Parish, the OCOG proposed adoption of the "Uniform Ambulance Service Ordinance," which provided for a single ambulance company to provide all ambulance services, both emergency and non-emergency, in Ouachita Parish (hereinafter "sole ambulance provider"). Defendants assert that, by approving a monopoly for a single company, the Parish is able to negotiate for a guaranteed high level of ambulance service from the ambulance provider.
Plaintiffs are all licensed emergency medical service providers operating in the surrounding parishes and are authorized to supply ambulance services within Louisiana.
As stated above, Plaintiffs petitioned for a declaratory judgment declaring that the ambulance ordinances were invalid and unenforceable and also sought a preliminary injunction on the enforcement of the ordinances. By agreement, Defendants delayed the implementation of the ordinances and Plaintiffs did not pursue the preliminary injunction. The trial court denied Plaintiffs' claims for declaratory judgment. This appeal ensued.

DISCUSSION
Plaintiffs argue that the ordinances are beyond the power of authority of Defendants in several respects. First, they submit that Defendants did not have authority to regulate public ambulance providers from neighboring parishes, only private ambulance providers. Second, they contend that Defendants did not have the authority to regulate the advertising of ambulance services. Finally, Plaintiffs argue that the Ordinances are ultra vires to the extent that they regulate ambulance transports for destinations outside of Ouachita Parish.
A municipality or police jury is a subordinate political subdivision of the state and, as such, possesses only those powers delegated to it by the state and its constitution. Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127 (La.1979); Horseshoe Entertainment v. Bossier Parish Police Jury, 30,502 (La.App.2d Cir.6/26/98), 714 So.2d 920, writ denied, 98-1941 (La.11/6/98), 728 So.2d 392. The legislature has authorized every municipality or other local governing authority to regulate the provision of ambulance services. La. R.S. 33:4791 & 33:4791.1; Med Express Ambulance Service, Inc. v. Evangeline Parish Police Jury, 96-0543 *195 (La.11/25/96), 684 So.2d 359. La. R.S. 33:4791.1 provides, in pertinent part:
A. The legislature hereby finds and declares the following:
(1) The provision of consistently high quality emergency medical care, and any and all aspects attendant to ambulance operation to be provided within a medically acceptable response time is essential to the health, safety, and welfare of the state and its people.
(2) Privately operated ambulance services providing patient transportation service or emergency medical services fulfill a vital health and safety need within the state. The operation of such ambulance services operated within the jurisdiction of municipalities and other local governing authorities enables the state to provide the benefits of privately operated, demand-responsive ambulance services to its people.
(3) The economic viability and stability of such privately operated ambulance services are consequently a matter of statewide importance.
(4) The policy of this state is to promote medically acceptable and reliable, privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations in order to provide the benefits of that service to its citizens. In furtherance of this policy, the legislature recognizes and affirms that the regulation of such privately operated ambulance service is an essential governmental function.
(5) The policy of this state is to provide that municipalities and other local governing authorities may regulate privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operation. It is further the policy of the state not to subject any local governing authority or its officers or members to liability under federal antitrust laws.
B. Every municipality or other local governing authority may protect the public health, safety, and welfare by licensing, controlling, and regulating by ordinance or resolution privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations within the jurisdiction of the municipality or other local governing authority. Every municipality or other local governing authority is empowered to regulate the following:
(1) Entry into the business of providing ambulance service, including emergency medical services, within the jurisdiction of that municipality or local governing authority.
(2) Rates charged for the provision of ambulance services, in accordance with federal law relative to medical reimbursement, including emergency medical services.
(3) Establishment of safety and insurance requirements.
(4) Any other requirement adopted to ensure safe, reliable, and responsive ambulance service, even if such requirement is anticompetitive in effect.
(5) Limited or exclusive access by such ambulance service for the provision of emergency medical services to the 911 or other emergency communications dispatch of the municipality or other local governing authority.
(6) The establishment of safety and insurance requirements even if such requirements reduce the number of such private ambulance services that otherwise would operate within the jurisdiction of the municipality or other local governing authority.

*196 * * *
D. Any municipality or other local governing authority is authorized to carry out the provisions of this Section as acts of government on behalf of the state as sovereign and, to the extent the governing authority deems necessary or appropriate, is further authorized to displace competition and provide a monopoly public service. All immunity of the state of Louisiana from liability under antitrust law is hereby extended to any municipality or other governing authority acting within the scope of authority contained in this Section and, when so acting, a municipality or other local governing authority shall be presumed to be acting in furtherance of state policy.
These provisions allow for a single provider system to be adopted in the interest of public health and safety. Med Express Ambulance Service, Inc., supra. See Gold Cross Ambulance and Transfer v. City of Kansas City, 705 F.2d 1005 (8th Cir.1983), for a discussion of the public utility model of ambulance service.
Plaintiffs argue that Defendants cannot regulate publicly operated ambulance services because the statute uses the phrase "privately operated ambulance service." Three of the Plaintiffs are public ambulance services from the surrounding parishes. The statute, however, authorizes local governments to regulate "privately operated ambulance services, the furnishing of emergency medical services, and any and all aspects attendant to ambulance operations." La. R.S. 33:4791.1(B). The term "emergency medical services" is broad enough to include publicly operated ambulance services; and, therefore, Defendants may include such ambulance providers in their regulatory scheme.
The ordinances enacted by Defendants also prohibit all advertising in Ouachita Parish for ambulance services except by the sole ambulance provider. Plaintiffs contend that this is beyond the authority of La. R.S. 33:4791.1 because the regulation of advertising is not expressly enumerated under subsection B. That subsection, however, does authorize municipalities or other local government to regulate "any and all aspects attendant to ambulance operations." Further, the statute specifically empowers municipalities or other local government to regulate "any other requirement adopted to ensure safe, reliable, and responsive ambulance service, even if such requirement is anticompetitive in effect." La. R.S. 33:4791.1(B)(4). The regulation of advertising for ambulance services falls within these provisions and is authorized under La. R.S. 33:4791.1. In addition, even though the advertising prohibition may affect Plaintiffs' ability to market to the residents of the surrounding parishes, this alone does not make the ordinances unlawful. In drafting the ordinance, Defendants sought to restrict the advertising in their collective jurisdiction only and Plaintiffs are not restricted from advertising in the neighboring parishes by methods that do not include Ouachita Parish. The regulation on advertising is lawful and this argument is without merit.
Finally, Plaintiffs assert that the ordinances are unlawful as ultra vires because the ordinances regulate ambulance services outside Defendants' jurisdictions. The ordinances make it illegal for any ambulance provider other than the sole ambulance provider to respond to an ambulance call that originates in Ouachita Parish. The result of the restriction is that any ambulance provider, such as one of the Plaintiffs, may bring patients into Ouachita Parish for treatment or travel through the Parish, but only the sole ambulance provider may pick up patients in *197 Ouachita Parish.[1] This also means that, if a patient comes into Ouachita Parish for treatment and needs to be transferred by ambulance to a location outside the Parish, he must use the sole ambulance provider. This includes transfers by ambulance for additional treatment or to return home for a patient living outside Ouachita Parish. Plaintiffs contend that this has the effect of illegally regulating residents of other parishes by restricting their ability to choose any ambulance provider to take them home. Plaintiffs argue that Defendants can only properly regulate ambulance calls where both the origin and the destination are in Ouachita Parish.
It is well established that, as a general rule, the police power of a municipal corporation or other local government can be exercised only within its own area and cannot be exerted elsewhere. City of Shreveport v. Case, 198 La. 702, 4 So.2d 801 (1941). Of course, the legislature may grant the municipality the right to exercise police power outside of its corporate limits, but statutes authorizing such municipal power are to be strictly construed. Id. La. R.S. 33:4791.1 authorizes the regulation of ambulance services "within the jurisdiction of the municipality or other local governing authority."
We find, however, that Defendants, through the ordinances, did not exercise authority beyond their jurisdiction. The ordinances regulate only those ambulance services that originate in Ouachita Parish. The tangential effect of restricting the options for ambulance service to a destination outside of Ouachita Parish does not make the ordinance ultra vires. Under La. R.S. 33:4791.1, Defendants are authorized to regulate and even restrict ambulance service in Ouachita Parish. Plaintiffs' argument is without merit.

CONCLUSION
For the reasons set forth above, the decree of the trial court is affirmed. Costs of appeal are assessed to Plaintiffs.
AFFIRMED.
NOTES
[1] As an exception, the ordinances have a "24 hour rule," which allows an outside ambulance company, such as each of the Plaintiffs, to come into Ouachita Parish to pick up a patient that was brought to a health care provider in Ouachita Parish from another parish less than 24 hours earlier.