(80 South. 608)

No. 21684.

STATE ex rel. LONG et al. v. BOARD OF DEACONS OF GOOD HOPE SECOND BAPTIST CHURCH OF ALGIERS.

(Jan. 24, 1916. On the Merits, May 27, 1918. On Rehearing, Jan. 6, 1919.)

*(Syllabus by the Court.)*

1. RELIGIOUS SOCIETIES ☞8—ELECTION OF OFFICERS—CHALLENGES—WAIVER.

Where the members of a board of directors of a corporation are ordered by the court to hold an election of officers and they contest the right of other alleged members to vote, they do not, by voting, waive their challenge of the votes cast by the other alleged members of the corporation.

2. APPEAL AND ERROR ☞382—SUSPENSIVE APPEAL—BOND—AMOUNT.

The only cases wherein the bond for a suspensive appeal must exceed by one-half the amount for which the judgment was rendered are those in which the judgment was for a specified sum of money or for the delivery of movable property of a perishable nature.

*(Additional Syllabus by Editorial Staff.)*

3. MANDAMUS ☞187(2)—INTERLOCUTORY DECREE—RIGHT OF APPEAL.

On mandamus by members of religious corporation to compel board of deacons or trustees to elect a board and other officers, an order, requiring such election to be held and appointing election commissioners, etc., was an interlocutory decree, from which district court properly refused to grant an appeal to respondents.

4. MANDAMUS ☞187(2) — APPEALABLE ORDERS—FINAL JUDGMENT.

A judgment in favor of relators in mandamus, ordering board of deacons or trustees of a religious corporation to call an election to elect a board and other officers, and confirming report of commissioners of election and declaring officers supported by relators regularly elected, was a final judgment from which respondent board might appeal.

On Rehearing.

5. COURTS ☞224(10) — LOUISIANA SUPREME COURT — APPELLATE JURISDICTION—AGREEMENTS OF PARTIES.

An amount in excess of $2,000 or more, necessary to give Supreme Court appellate jurisdiction, must appear affirmatively upon the record, and jurisdiction cannot be conferred by agreement of litigants.

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Mandamus by the State, on relation of George F. Long and others, against the Board of Deacons of the Good Hope Second Baptist Church of Algiers, to compel the Board to call an election for the Board of Deacons or Trustees and other officers of the corporation. Election ordered, and respondents' motion for an appeal therefrom denied, and on relators' rule against respondents to show cause why report of commissioners of election should not be approved and officers declared elected, judgment was rendered for relators, and defendants take a suspensive and devolutive appeal. Motion to dismiss appeal overruled, and cause transferred to Court of Appeal for Parish of Orleans.

B. I. Cahn and J. Madison Vance, both of New Orleans, for appellants.

Robert O'Connor, of New Orleans, for appellees.

On Motion to Dismiss Appeal.

O'NIELL, J. The relators, as members of the religious corporation styled Good Hope Second Baptist Church of Algiers, La., proceeded by mandamus to compel the board of deacons or trustees to call a meeting of the members of the congregation to elect a board of deacons or trustees, a secretary and a treasurer of the corporation.

The district judge issued a rule, ordering the defendant board to comply with the demand of the relators or show cause to the contrary on the 11th of June, 1915. The respondent board filed several pleas, exceptions and an answer, on which the rule was tried and made absolute. Accordingly, it was ordered that the election be held on the 11th of July, 1915, and two commissioners were appointed by the court to conduct the election.

The respondent board moved for an appeal from the order, but the motion was denied presumably on the ground that no injury had resulted from the interlocutory decree.

The commissioners filed their report in court on the 12th of July, 1915, setting forth that the election had been held pursuant to the court's order; that two sets of candidates, one supported by the relators and the other by the respondents, had been voted for; that 153 ballots were cast, 77 for the candidates of the relators and 76 for the candidates of the respondents; that of the 77 votes cast for the relators' candidates 74 were challenged on the ground that the voters were not members in good standing, according to the charter of the corporation; and that 3 of the votes cast for the respondents' candidates were also challenged. The commissioners reported that, as they had no authority to pass upon the challenges, they had merely made a note of them and submitted the question of the validity of the election to the court for decision.

Thereupon the relators proceeded by rule against the respondent board of trustees to show cause why the report of the commissioners of election should not be approved and the officers supported by the relators declared elected. In answer to the rule and order to show cause, the respondents contested the validity of the election on various grounds, and especially contested the validity of the votes cast by the 74 voters whose right to vote had been challenged at the election. The rule was taken up, evidence was heard, the case was argued and submitted to the court out of a regular term, and it was agreed by and between counsel for all parties that judgment might be rendered during vacation. It was further agreed that, if either party desired to appeal from the judgment, the same might be done by motion, as if in a regular term of court, instead of by petition and citation, and that the appeal would be, in all other respects, according to the usual forms and procedure. It was also mutually admitted that the value of the offices in contest was sufficient to give this court jurisdiction, and that the appeal should be made returnable to this court.

Judgment was rendered in favor of the relators, confirming the report of the commissioners of election and declaring the officers supported by the relators regularly elected. On motion of counsel for the respondents, an appeal was granted, suspensive and devolutive, and the appeal bond was fixed at $100. The appellant board filed an appeal bond, containing the obligation to prosecute the suspensive and devolutive appeal and to satisfy whatever judgment might be rendered against the appellant.

The appellees have moved to dismiss the appeal on the grounds: (1) That the judgment appealed from is only an interlocutory decree; (2) that, by failing to insist upon the motion for an appeal from the order appointing the election commissioners and ordering the election to be held, and by participating in the election, the appellant board acquiesced in the proceedings, and is estopped from prosecuting the present appeal; and (3) that the appeal bond for $100 is not sufficient to maintain a suspensive appeal.

### Opinion.

[3, 4] The judgment appealed from is not an interlocutory decree. It is a final judgment, from which the respondent board had a right to appeal. The order appointing the election commissioners and directing them to hold the election was an interlocutory decree, from which the district court properly refused to grant an appeal. Hence it would have been a vain and useless proceeding for the respondent board to have attempted to compel the district judge to grant an appeal

from that order. Lex neminem cogit ad vana seu inutilia peragenda.

[1] The members of the board of deacons did not, by participating in the election, waive their contention that 74 of the voters had no right to vote. On the contrary, their challenging the votes cast by the opposing faction was a protest which the respondents thereby expressly reserved their right to urge when the proceedings would be submitted to the court by the election commissioners. Hence it cannot be said that the appellant board acquiesced in the judgment from which this appeal was taken.

[2] There is no merit in the contention that, inasmuch as it was admitted that the value of the offices in contest exceeded $2,000, the bond for a suspensive appeal should exceed $3,000. The cases in which the suspensive appeal bond must exceed by one-half the amount for which judgment was given are those in which the judgment is for a specified sum of money. Code Prac. art. 575. See State ex rel. Cain v. Judge, 20 La. Ann. 576; State ex rel. Heath v. Judge, 39 La. Ann. 1042, 1116, 6 South. 27.

The motion to dismiss the appeal is overruled.

### On the Merits.

PROVOSTY, J. Although this appeal has been pending since November 11, 1915, and the motion to dismiss the appeal was denied since January 24, 1916, the appellants have filed no brief on the merits, nor made any other appearance to inform the court of the grounds on which they complain of the judgment appealed from. We assume they are no longer urging the appeal.

Judgment affirmed.

### On Rehearing.

SOMMERVILLE, J. Certain members of the Good Hope Second Baptist Church sought and obtained a mandamus to compel the board of deacons or trustees to hold an an-

nual election, at which the pastor and the board of deacons or trustees should be elected. The election was held, and certain persons were declared to have been elected pastor and members of the board of deacons or trustees. An appeal has been taken by defendants from the judgment confirming and promulgating the returns of the election.

[5] The record does not contain any evidence as to the amount involved. The pastor, without doubt, was to receive a salary for his services; but there is no evidence going to show what the amount thereof might be. The deacons or trustees do not appear to be entitled to salaries.

There is a stipulation in the record to the following effect:

"It is admitted that the amount involved herein is in excess of the amount sufficient to give jurisdiction to the Supreme Court on appeal, and that in the event of an appeal from the district court judgment herein the appeal shall be taken to and prosecuted in the Supreme Court of Louisiana."

But this court has jurisdiction in cases involving an amount in excess of $2,000, and this amount must appear affirmatively upon the record. Jurisdiction cannot be conferred by agreement of litigants. Rownd v. Comish, 130 La. 739, 58 South. 528; Landry v. Gonzales, 142 La. 577, 77 South. 287; Aubert v. Burns, 142 La. 895, 77 South. 782; Oberly v. Calcasieu Parish School Board, 142 La. 788, 77 South. 600; Williamson v. Cridelle, 143 La. 1098, 79 South. 873; Cusachs v. Salmen Co., 144 La. 411, 80 South. 608, this day decided.

In accordance with the provisions of Act No. 56 of 1904, p. 135, as amended by Act No. 19 of 1912, p. 25, it is ordered that this case be transferred to the Court of Appeal for the parish of Orleans; appellants to pay the costs of this court.

DAWKINS, J., takes no part.