(132 So. 414)

## WHITE et al. v. DAVIS (DAVIS, Intervener).

### No. 30968.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Boone & Boone, of Many, for relator.

Lee & Williams and Craig, Bolin & Magee, all of Mansfield, for respondents.

ROGERS, J.

Plaintiffs brought suit in the Eleventh district court for the parish of Sabine on a judgment for $13,643.03, with interest, rendered in their favor against the defendant by the Forty-First judicial district court of El Paso county, Tex. Six lots of ground, with the improvements thereon, in the town of Zwolle, and 400 acres of land in Sabine parish, were seized as defendant's property under a writ of attachment issued in the suit.

Mrs. Mae Armstrong Davis, the wife of the defendant, intervened in the suit, setting up title to the property attached and praying that her title be recognized and that the attachment be dissolved.

The defendant filed an exception of no cause of action based on the prescription of ten

years as provided in Civ. Code, art. 3547. This exception was maintained by the district court, which dismissed the suit. On appeal, this court reversed the judgment and remanded the case for trial. See White v. Davis, 169 La. 101, 124 So. 186.

After the case was remanded, both defendant and his wife, the intervener, filed pleas of prescription of ten years under article 3547 of the Civil Code. These pleas were referred to the merits. Defendant then filed his answer, and the case was tried on the issues raised by all the parties litigant, resulting in a judgment in favor of the plaintiffs against the defendant for the amount sued for, and in favor of the plaintiffs against the defendant and the intervener, maintaining the attachment on all the property attached, except the six lots of ground with the improvements thereon situated in the town of Zwolle, as to which the intervener was adjudged to be the owner and the attachment was dissolved.

By consent of the parties, the judgment was rendered and signed at chambers, and thereafter orders of appeal were entered by the court in which the suspensive appeal bond of the intervener was fixed at $1,000 This bond was furnished by intervener. Subsequently, plaintiffs filed a rule to set aside the order and the bond, on the ground that the amount of the bond was insufficient to sustain the appeal. On the trial of the rule, the court vacated its order granting intervener a suspensive appeal on a bond for $1,000, and rendered another order granting intervener a suspensive appeal on a bond for the amount as fixed by law. A motion for a new trial filed by the intervener was denied, and the matter is now before us for review on the intervener's application for the appropriate writs.

The only question submitted to this court for determination is whether the bond for $1,000 as fixed by the district court in its first order is sufficient to sustain intervener's suspensive appeal, or whether, as required by the court's second order, she must furnish for such appeal a bond in an amount exceeding by one-half the judgment of plaintiffs against the defendant for $13,643.03, with interest and costs.

The respondent judge, as shown by his written reasons on file in the record, predicated the ruling of which relatrix complains on the case of Godchaux v. Gall, 139 La. 750, 72 So. 217. We do not think, however, that case is precisely in point. There the intervener joined the defendant in resisting plaintiff's demands, and also, in part, opposed the defendant. The judgment appealed from was in favor of plaintiff for specific sums aggregating more that $25,000, with interest, attorney's fees, and recognition of mortgage. The judgment was also in favor of the intervener against the defendant for $3,300, with interest, etc., and recognition of mortgage; but this mortgage was subordinated to the mortgage of plaintiff. The intervener desired to suspend the execution of plaintiff's judgment on a bond for $100, to secure costs. This court held that intervener's demand could not be granted, since the purpose of his appeal was to suspend the execution of plaintiff's judgment for a specific sum; that in order to accomplish his purpose it was necessary for him to give the same kind of bond the law exacted of the judgment debtor for a suspensive appeal.

In the case presently before us there is no judgment for money against the relatrix, and she is not seeking to suspend the execution of plaintiff's money judgment against the defendant. She is seeking only

to suspend the execution of the judgment against her, denying her ownership of the 400 acres of land to which she asserts title. No money judgment can be rendered on appeal against the relatrix save for costs. And the only interest she can have in prosecuting the appeal is to protect from plaintiff's attachment her alleged separate and paraphernal property, worth, probably, only a few thousand dollars. In these circumstances it would be wholly unreasonable to require her to give an appeal bond in an amount exceeding $40,000.

◼ The doctrine applicable to the case is the one announced by this court in State v. Board of Deacons, 144 La. 413, 80 So. 608, viz.: "The only cases wherein the bond for a suspensive appeal must exceed by one-half the amount for which the judgment was rendered are those in which the judgment was for a specified sum of money or for the delivery of movable property of a perishable nature."

For the reasons assigned, the rule nisi herein issued is made absolute, and, accordingly, it is ordered that the judgment of the district court, dated November 10, 1930, filed November 12, 1930, setting aside relatrix's order for a suspensive appeal dated September 29, 1930, and her bond of appeal filed October 9, 1930, be annulled. It is further ordered that the order of the judge of the district court, dated September 29, 1930, granting a relatrix a suspensive appeal from the judgment rendered against her on the same day, and the appeal bond filed by relatrix on October 9, 1930, be reinstated and decreed to be in full force and effect, entitling relatrix to a suspensive appeal to this court from said judgment. The costs of these proceedings to be paid by the respondents Blanche I. A. D. White, Maggie Lucille Davis Steinfeld, and Irma Louise Davis.