CHASEZ, Judge.
The question posed for our consideration is whether the Pioneer Petroleum Corporation, Diane C. Hill, and James R. Mary and John Doe are entitled to a suspensive appeal from the judgment rendered and signed on the 3rd of March, 1966 by the District Court against them and in favor of James R. Pertuit and Yola Pertuit.
The record herein reveals that the Pioneer Petroleum Corporation was formed by James R. Pertuit and James R. Mary, with the interest of James R. Pertuit being 40% and the interest of James R. Mary being 60%.
One thousand shares of the stock of the Corporation (it being capitalized at 100,-000 shares) were issued as follows:
300 shares to James R. Pertuit
100 shares to Yola A. Pertuit, his wife and
600 shares to Diane C. Hill, the nominee of James R. Mary.
It is contended that on December 10, 1965 James R. Pertuit, President of the *206 Corporation, called a meeting of the Board of Directors and said Board, by resolution, sold 1,000 shares of stock of the corporation to Roy T. Boetler for the sum of $1.00 per share, said stock being transferred to Roy T. Boetler on December 27, 1965 with James R. Pertuit agreeing at that time on behalf of the Corporation that the 1,000 shares issued constituted 50% of all outstanding stock and that no further stock would be issued by the corporation without there being a pro-rata distribution and allocation to Roy T. Boetler.
Diane C. Hill, who attended the meeting of the Board of Directors, denies that the aforementioned resolution was adopted; and it is further contended that the affirmative approval and consent in writing of i/i of the shareholders of the corporation required by LRS 12:24 to authorize such a stock transaction was not secured.
It is apparent from the pleadings that this alleged stock transfer was made without the approval, consent and knowledge of James R. Mary, owner of a majority of the stocks of the corporation at the time, who provoked a meeting of the stockholders on January 11, 1966, and caused the removal of James R. Pertuit and Yola A. Pertuit as officers and directors and had himself, James R. Mary, elected President and Diane C. Hill elected as the Secretary of the corporation and set aside the transfer of the 1,000 shares of stock to Boetler.
On February 4, 1966 both James R. Per-tuit and his wife, Yola A. Pertuit, filed this quo warranto and mandamus proceeding. Subsequently, on March 3, 1966, but prior to the trial of the suit, a stipulation was entered into between the parties that the activities which transpired at the meeting of January 11, 1966 would be declared invalid, leaving to the Court only the adjudication of the questions of how much of the stock of the corporation was legally issued and to whom. After trial of the case, a judgment was rendered by the Court, reading as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that the meeting held on January 11, 1966 of the stockholders of Pioneer Petroleum Corporation and the meeting of the same day of the Board of Directors of said corporation if such meetings were held, both meetings are hereby declared to be null and void and of no effect. That the officers elected at said meetings are hereby ordered to vacate the said respective officers of the said corporation.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the stockholders of Pioneer Petroleum Corporation hold a meeting at 828 National Bank of Commerce Bldg., New Orleans, La., which is the designated domicile of the said corporation on Monday, March 7th, 1966 at 11:00 A.M. All of the stockholders except the ones that are present in Court as this order is being dictated shall be notified by registered mail of this meeting. Mr. James R. Pertuit is ordered by this Court to so notify the stockholders not presently in Court or not represented immediately.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following persons be recognized as stockholders of the said corporation and be permitted to attend the meeting which is being ordered by this Court:
JAMES R. PERTUIT 300 shares
YOLA A. PERTUIT 100 shares
JAMES R. MARY 600 shares
ROY T. BOETLER 1000 shares
In explanation of this ruling the Court will state that there is no doubt from the documents and evidence introduced that Roy T. Boetler did purchase and pay for 1000 shares of stock of the said corporation which funds were used by the said corporation and although the corporation failed to issue a stock certificate, it does not deprive Mr. Boetler of his rights as a shareholder of 1000 shares, which were sold to him, issued and alio- *207 cated to him by act of December, 1965 before Elton L. McPherson, Notary Public, which document is in evidence.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the meeting ordered held by the Court herein of the said corporation shall meet solely and only for the purpose of electing directors of the said corporation pursuant to the charter and that immediately after the directors are elected, that they will meet at the same place for the purpose of electing officers of the said corporation and no other business shall be transacted at that meeting in view of the injunction that has been issued by the Federal Court in this matter.
JUDGMENT READ, RENDERED AND. SIGNED IN OPEN COURT, MARCH 3, 1966.”
After a motion for a new trial, requested by the Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe was denied, they sought a suspensive appeal from the judgment rendered on March 3, 1966, which was likewise denied by the Court on March 30, 1966.
The Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe, then applied to this court for a Writ of Mandamus to order and direct the Judge of the Court a qua to grant a suspensive appeal from the judgment rendered on March 3, 1966 or to show cause why the said suspensive appeal should not be granted.
On April 12, 1966 this court ordered the Honorable David Gertler, Judge of Division “A” of the Civil District Court for the Parish of Orleans to grant a suspensive appeal to the Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe, from the judgment he rendered on the 3rd day of March, 1966, or to show cause why the relief prayed for by the parties should not be granted. The District Judge filed a return to the show cause order on the 18th of April, 1966 and this matter was tried and submitted to the Court for its adjudication.
It is noted and should be stated here that the hereinabove quoted judgment rendered by the District Court in this matter is a definitive judgment; it determines the number of shares of stock which this Corporation legally issued, the names of the the holders and owners thereof, and orders that such stockholders convene for the purpose of electing directors of the Corporation who, in turn, shall meet for the purpose of electing Officers of the Corporation.
By virtue of the terms of this judgment there is no doubt that James R. Mary and Diane C. Hill will be materially affected as owners of stock in this Corporation for the reason' that, among others, they will be reduced from the status of majority stockholders to minority stockholders.
The Code of Civil Procedure provides that all litigants are entitled of right to a suspensive appeal except in rare cases which are specifically enumerated in the Code and embrace primarily restraining orders, preliminary and permanent injunctions and habeas corpus proceedings. LSA-C.C.P. 3612; LSA-C.C.P. 3831.
The proceeding instituted in this matter by James R. Pertuit and Yola A. Pertuit against the Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe, is a quo warranto proceeding. Nowhere in our Code or in our law is it provided that the party cast in a quo warranto proceeding is deprived of the right to appeal suspensively.
Appeals are favored by our law and are provided for in LSA-C.C.P. 2083; LSA-C.C.P. 2087; LSA-C.C.P. 2123.
LSA-C.C.P. Article 3901 defines quo warranto as follows:
“Quo warranto is a writ directing an individual to show by what authority he claims or holds public office, or office *208 in a corporation, or directing a corporation to show by what authority it exercises certain powers. Its purpose is to prevent usurpation of office or of powers.”
The following quotations from American Jurisprudence indicate that in quo war-ranto proceedings, review by appeal is favored.
2 Am.Jur. P. 929, Sec. 130 (Appeal & Error) reads:
“QUO WARRANTO The statutes of the various jurisdictions quite generally provide for the review of judgments entered in quo warranto proceedings. Where a proceeding by quo warranto is, by statute, made a civil proceeding, it is to be reviewed by appeal, not by writ of error, where the distinction between these methods of review exists.”
44 Am.Jur. P. 182, Sec. 129 reads:
“The general principles and considerations governing appeal and error are applicable to review of judgments in quo warranto. Where the proceeding is regarded as a civil one, appeal rather than writ of error may be the appropriate mode of review. Either party to the proceeding has the right to appeal when aggrieved by the judgment, provided the decision sought to be reviewed possesses the requisite finality and the amount in controversy is sufficient.” * * *
As above stated, a quo warranto proceeding was initiated herein and the judgment of the District Court was based upon that proceeding. There is no restraining order, preliminary or permanent injunction issued in this matter. The judgment rendered by the Court is a definitive judgment and parties cast herein, Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe, are entitled to a suspensive appeal to have the issue and their rights orderly adjudicated.
Therefore, it is ordered and decreed that the writ of mandamus issued herein be made peremptory and the Honorable David Gertler, Judge of Division “A” of the Civil District Court for the Parish of Orleans is ordered to forthwith grant to Pioneer Petroleum Corporation, Diane C. Hill, James R. Mary and John Doe, a suspensive appeal from the judgment rendered by him on the 3rd day of March, 1966 in favor of James R. Pertuit and Yola A. Pertuit.
All costs of this proceeding to be borne by James R. Pertuit and Yola A. Pertuit.
Suspensive appeal granted.