# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-508


MARY L. MORRIS

VERSUS

STATE OF LOUISIANA/ATTORNEY GENERAL, ET AL.


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-1954
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE


**********

## OSWALD A. DECUIR
## JUDGE

**********


Court composed of Oswald A. Decuir, Marc T. Amy, and Glenn B. Gremillion Judges.


**REMANDED.**


Terry James Manuel
Assistant District Attorney
Post Office Box 3206
Lake Charles, LA 70602
(337) 437-3400
COUNSEL FOR DEFENDANT/APPELLEE:
    H. Lynn Jones, II


Merietta Spencer Norton
Elections Sect. Sec. State
8549 United Plaza Blvd.
Baton Rouge, LA 70809
(225) 922-0900
COUNSEL FOR DEFENDANT/APPELLEE:
    W. Fox McKeithen

**Tyrone Anthony Larkins, Jr.**
**Attorney at Law**
**8549 United Plaza Blvd.**
**Baton Rouge, LA 70809**
**(225) 922-0900**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **W. Fox McKeithen**


**William P. Bryan, III, Esq.**
**Attorney General's Office**
**Post Office Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Custom Ecology, Inc.**


**Mary L. Morris**
**In Proper Person**
**2345 See St.**
**Lake Charles, LA 70601**
**(337) 436-5172**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Mary L. Morris**

DECUIR, Judge.

This court, *ex proprio motu*, orders a remand of the instant appeal for the conducting of a hearing in order to prepare a proper record for this court's review of the jurisdictional issue as to the timeliness of the appeal in this matter.

On April 13, 2005, the plaintiff filed the above-captioned case contesting the election for the position of District A City Council for the City of Lake Charles held on April 2, 2005. On April 14, 2005, the trial court set the trial of this case for April 18, 2005.

The defendants in this action filed exceptions of no cause of action and prescription. These exceptions were heard at the hearing on April 18, 2005.

The transcript from the hearing indicates that the trial court granted the defendants' exceptions of prescription at the hearing. At the conclusion of the hearing, the transcript reads that the trial court signed the judgment dismissing the action on the ground of prescription in open court with all parties present.

Additionally, the transcript reveals that the plaintiff objected to the trial court's ruling and stated that she wanted the record to reflect that she would like to file an appeal. The trial court acknowledged the plaintiff's statement that she wanted to file an appeal and indicated that she had the right to seek appellate review of the trial court's ruling either by taking an appeal or by filing a supervisory writ with the court of appeal. However, at no point in the transcript does it indicate that the trial court was actually asked to grant an order of appeal nor does it indicate that the trial court did in fact grant an order of appeal.

The record does not reflect the time at which the hearing in this action took place on April 18. Likewise, the trial court's written judgment bears no

1

time stamp indicating the exact time of the day on April 18 that the judgment was signed by the trial court.

The plaintiff obtained an order of appeal from the trial court. However, the order granting the appeal only bears the date on which the order was signed, April 19, 2005; it does not state the time at which the order of appeal was signed. Additionally, this court notes that the order does not set the amount of the bond to secure the payment of costs, but the record does contain an order granting the plaintiff pauper status, which order is not dated and does not indicate the time at which the order was signed. The notice of appeal, the order granting the appeal, and the *In Forma Pauperis* **AFFIDAVIT**, each filed by the plaintiff, bear the date stamp of April 20, 2005; however, none of these documents bears a time stamp indicating the time at which they were filed into the record.

The time delay for seeking an appeal from the trial court's ruling dismissing this action is set by La.R.S. 18:1409(D), which reads:

> D. Within twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs. The clerk of the trial court shall give notice of the order of appeal to the clerk of the court of appeal and to all the parties or their counsel of record. The trial judge shall fix the return day at a time not to exceed three days after rendition of judgment.

This court has previously held that the failure to file a timely appeal in an election contest is a jurisdictional defect which may be raised by the appellate court at any time on its own motion. *Bonvillain v. Bonvillain*, 2002-1077 (La.App. 3 Cir. 9/5/02), 834 So.2d 1051. This court is the arbiter of its own jurisdiction. *Hampton v. Greenfield*, 563 So.2d 549 (La.App. 4 Cir.), *writ denied*, 565 So.2d 458 (La.1990). However, the record presented to this court does not provide the information necessary for this court to determine whether jurisdiction has been properly secured.

Accordingly, this court hereby remands this matter to the trial court for

2

the purpose of conducting a hearing to enter onto the record the information necessary for this court to make the required jurisdictional determination. Thus, the trial court should enter onto the record a *per curiam* or take any other measures necessary to clarify the record and provide the information needed by this court. Alternatively, if this information cannot be provided, the record must reflect this fact. We hereby order that the hearing on this issue be conducted within twenty-four hours of the rendition of this court's opinion herein. The record in this suit should be relodged in this court by 10:00 a.m., April 25, 2005.

**<u>REMANDED.</u>**