# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 08-368


**JERROD A. WILSON**

**VERSUS**

**CARLTON L. DUHON, ET AL.**


************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. 917-07
HONORABLE ANNE LENNAN SIMON, DISTRICT JUDGE AD HOC

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.


**AFFIRMED.**


**Jerrod A. Wilson**
**Pro Se**
**Louisiana State Penitentiary**
**Gator 1-R-8**
**Angola, Louisiana 70712**
**Plaintiff/Appellant**

**Richard M. Arceneaux**
**Attorney at Law**
**Post Office Box 1108**
**Jennings, Louisiana 70549**
**(337) 824-8000**
**Counsel for Defendant/Appellee:**
    **Carlton L. Duhon**

**Wendell R. Miller**
**Attorney at Law**
**Post Office Box 1469**
**Jennings, Louisiana 70546**
**(337) 824-8885**
**Counsel for Defendant/Appellee:**
     **Lynette Latiolais**

**SULLIVAN, Judge.**

Jerrod Wilson, in proper person, appeals a judgment of the district court which granted his application for writ of mandamus. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Mr. Wilson, proceeding pro se and *in forma pauperis*, filed an application for writ of mandamus in the Thirty-First Judicial District Court seeking to obtain without charge a transcript of the trial in the matter entitled *State of Louisiana v. Jerrod Wilson*, Docket Number CR-325-91. Following a hearing at which Mr. Wilson was present,[1] the trial court granted the application for writ of mandamus finding that Mr. Wilson was entitled to a copy of the requested transcript upon his furnishing the Clerk of Court with payment of $209.05 for the cost of copying the transcript. Written judgment was rendered on December 18, 2007.

Mr. Wilson filed a notice of intent to apply for supervisory writs with this court on December 19, 2007. In a decision rendered on March 6, 2008, this court denied the writ on the basis that the judgment at issue was a final, appealable judgment.[2] Nevertheless, having found that Mr. Wilson's application for supervisory writs would have been timely filed as a motion for appeal of the judgment granting the writ of mandamus, we considered the writ application as a timely-filed motion for appeal and remanded the matter to the trial court to allow Mr. Wilson to apply with the mandates of the Louisiana Code of Civil Procedure governing appeals. *Id.* On March 27, 2008, the trial court signed an order granting Mr. Wilson an appeal from the judgment

---

[1]Mr. Wilson is an inmate at the Louisiana State Penitentiary in Angola.

[2]See our unpublished opinion in *Wilson v. Duhon*, bearing Docket Number 08-146 (La.App. 3 Cir. 3/6/08).

granting the writ of mandamus and stating that no costs were due for the appeal because Mr. Wilson had been deemed a pauper.

Mr. Wilson's writ application contained the following issues and questions for review:

1. Whether the custodian/counsel Mr. Arceneaux, was required to prove petitioner was provided with a copy of trial transcripts records of CR-325-91, through the criminal proceeding as was required when he filed his appeal?

2. Whether 31st Judicial District Court erred by not ever considering that petitioner was entitled by law to inspect transcripts CR-325-91 public record while he was at its courthouse December 11, 2007?

**DISCUSSION**

The first circuit discussed the difference between an inmate seeking a free copy of the district attorney's file and an inmate seeking documents under the Public Records Law, La.R.S. 44:1, et seq., as well as the appropriate procedure to be followed in each instance, in *State ex rel. McKnight v. State*, 98-2258 (La.App. 1 Cir. 12/3/98), 742 So.2d 894. The court wrote:

> If the inmate . . . desires to seek a free copy of a district attorney's file, he should file a motion for production of the documents in the criminal proceeding, and he must demonstrate a particularized need. For the inmate requesting documents in anticipation of a collateral attack on his conviction, he cannot make a showing of particularized need absent a properly filed application for postconviction relief which sets out specific claims of constitutional errors requiring the requested documentation for support. State ex rel. Bernard v. Criminal District Court Section "J", 94-2247 (La.4/28/95), 653 So.2d 1174. Under La.Code Crim. P. art. 822(B) (added by 1997 La. Acts No. 1321, § 1), "if at any time after sentence is imposed, the defendant seeks the production of all or any portion of the district attorney's file in a criminal proceeding, the request for production shall be presented by written motion, which shall be tried contradictorily with the district attorney."

2

*Id*. at 895-96. If, on the other hand, the inmate is making a request under the Public Records Law and not attempting to secure a free copy of the district attorney's file, the court directed as follows:

> A "person" who wants to examine public records must make the request to the custodian of the records. *See* La. R.S. 44:31 & 44:32. An individual in custody after sentence following felony conviction who has exhausted his appellate remedies is permitted access to public records if the request is limited to grounds upon which the individual could file for postconviction relief under La.Code Crim. P. art. 930.3. La. R.S. 44:31.1. Section 31.1 does not prevent an inmate from seeking records simply because the three-year time limitation for the filing of postconviction relief has passed. State ex rel. Leonard v. State, 96-1889 (La.6/13/97), 695 So.2d 1325. *See* La.Code Crim. P. art. 930.8. If a request for public records is denied by the custodian, before seeking relief from this court, the person must first institute civil proceedings for a writ of mandamus at the trial court level. *See* La. R.S. 44:35(A). Should the person prevail, he should be prepared to pay the regular service fees for copies of the documents. *See* State ex rel. Nash v. State, 604 So.2d 1054 (La.App. 1st Cir.1992). After the trial court issues a ruling in the civil proceeding, the person may seek a civil appeal of the trial court's action, if he desires. *See* La. R.S. 44:35(C).

*Id*. at 895.

At the hearing on Mr. Wilson's writ of mandamus, the trial court referred to an earlier judgment rendered in the underlying criminal proceeding. In that judgment, the trial court ruled that Mr. Wilson was not entitled to a free copy of the sought-after record because more than three years had passed since his conviction and sentence had become final and because he had not alleged that his claim fit within one of the exceptions listed in La.Code Crim.P. art. 930.8. Mr. Wilson applied for supervisory writs to this court. We denied the writ, finding no error in the trial court's ruling. *See* our unpublished opinion in *State v. Wilson*, bearing Docket Number 07-383 (La.App. 3 Cir. 5/24/07). Mr. Wilson then filed an application for supervisory writs with the supreme court. On April 25, 2008, the supreme court denied the writ, stating that Mr. Wilson must first address his request to the records' custodians. *See State ex rel.*

3

*Wilson v. La.*, 07-1458 (La. 4/25/08), 978 So.2d 360. Accordingly, that judgment is now final, and Mr. Wilson is precluded from arguing that he is entitled to a free copy of the record.

On the other hand, we note that Mr. Wilson followed the proper procedure in requesting the sought-after record via a writ of mandamus filed pursuant to the Public Records Law. Based on the holding of *McKnight*, however, we conclude that the trial court did not err in finding that, while Mr. Wilson was entitled to a copy of the requested record, he was required to pay the cost of copying the record.

Mr. Wilson's first question for review, regarding whether the custodian of the requested records was required to prove that he was given a copy of his trial transcript in the criminal proceeding, is moot given the fact that he was not entitled to receive a free copy of his transcript due to the timing and circumstances of his request.

With regard to Mr. Wilson's second question for review, we have reviewed the transcript of the December 11, 2007 hearing and note that Mr. Wilson did not request to inspect the record in CR-325-91 when he was present at the Jefferson Davis Parish courthouse for the hearing on his writ of mandamus. We have also reviewed the pleadings in this matter, and they do not contain a written request to inspect the record. Uniform Rules—Courts of Appeal, Rule 1-3 provides that appellate courts will review only issues that were submitted to the trial court, unless the interest of justice clearly requires otherwise. In light of our holding that Mr. Wilson is entitled to a copy of the record upon payment of the copying fees, we will not consider the issue raised in Mr. Wilson's second question for review.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

**AFFIRMED.**