NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 12-143


STATE OF LOUISIANA, DEPARTMENT
OF TRANSPORTATION AND DEVELOPMENT

VERSUS

TRIANGLE PROPERTY, LLC, ET AL.



**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 25,273
HONORABLE GLEN WADE STRONG, DISTRICT JUDGE

**********

JAMES T. GENOVESE

JUDGE

**********

Court composed of John D. Saunders, James T. Genovese, and Shannon J. Gremillion, Judges.


MOTION TO DISMISS UNLODGED APPEAL DENIED.


Bernard Lindes Knobloch, Jr.
Attorney at Law
Post Office Box 94245
Baton Rouge, Louisiana 70804
(225) 237-1341
COUNSEL FOR PLAINTIFF/APPELLANT:
    State of Louisiana, Department of Transportation and Development

**Virgil Russell Purvis, Jr.**
**Attorney at Law**
**Post Office Box 298**
**Jonesville, Louisiana 71343**
**(318) 339-8526**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **CCI Management Corporation**

**Josiah William Seibert, III**
**Attorney at Law**
**Post Office Box 2038**
**Vidalia, Louisiana 71373**
**(318) 336-9676**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Triangle Property, L.L.C.**

**Richard Joseph Wilson**
**Gaharan & Wilson**
**Post Office Box 1346**
**Jena, Louisiana 71342**
**(318) 992-2104**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **W. B. McCartney Oil Company**

**GENOVESE, Judge.**

Defendant-Appellee, CCI Management Corporation (CCI), moves to dismiss the unlodged appeal of Plaintiff-Appellant, the State of Louisiana, through the Department of Transportation and Development (DOTD). For the following reasons, we grant the motion to dismiss the unlodged appeal.

This case involves an expropriation proceeding filed in connection with the State of Louisiana's attempt to make Highway 84 a four-lane highway, which runs through the Town of Jonesville in Catahoula Parish. In connection with its highway expansion project, DOTD sought to expropriate some property containing a strip mall and a convenience store. The property was owned by Triangle Property, L.L.C. (Triangle Property), but leased to other entities. DOTD filed an expropriation suit against Triangle Property; W.B. McCartney Oil Company (McCartney Oil); CCI; the State of Louisiana, Department of Public Safety and Corrections; Payless Cash Advance, Inc. of Arkansas; and, Ricky Smith d/b/a Bug Busters Pest Control Company. Triangle Property leased the convenience store with retail gasoline outlet to McCartney Oil, who subleased the property to CCI. CCI operated a Subway franchise in connection with the convenience store. The other defendants named in the lawsuit leased spaces in the strip mall, which was completely demolished as a result of the highway expansion project.

Triangle Property, McCartney Oil, and CCI filed reconventional demands against DOTD, alleging that they had been inadequately compensated for the expropriation. With regard to the reconventional demands, a jury trial was held from July 12, 2010, to July 16, 2010, and the jury found that Triangle Property, McCartney Oil, and CCI had been undercompensated for their property rights. The jury awarded $156,480.96 in damages to Triangle Property, $558,279.00 in damages to McCartney Oil, and $894,764.00 in damages to CCI. On August 16, 2010, the trial court signed a

judgment in accordance with the jury's verdict, and the notice of judgment was mailed on August 18, 2010. DOTD did not appeal the judgment.

On August 26, 2010, McCartney Oil filed a motion for additur or, alternatively, for a new trial or judgment notwithstanding the verdict. On March 25, 2011, the trial court signed a judgment indicating that McCartney Oil could have either a new trial or an additur in the amount of $1,386,536.51. McCartney Oil opted for the new trial instead of the additur and requested that the new trial be fixed as a jury trial. The notice of the March 25, 2011 judgment was mailed on March 29, 2011. No appellate review was sought of that judgment.

Meanwhile, CCI and Triangle Property sought to have the trial court issue writs of mandamus directing DOTD to pay them the amounts they had been awarded pursuant to the judgment of August 16, 2010. In its mandamus request, CCI asked that a writ of mandamus be issued or, alternatively, that its judgment be severed from McCartney Oil's judgment which will be subject to a new jury trial. The trial court issued writs of mandamus in favor of CCI and Triangle Property, and, on October 5, 2011, the trial court signed a judgment ordering DOTD to pay CCI and Triangle Property the amounts which had been awarded to them pursuant to the August 16, 2010 judgment. The notice for the judgment of October 5, 2011, was mailed on October 6, 2011. On November 16, 2011, DOTD filed a motion for suspensive appeal with regard to the trial court's October 5, 2011 judgment. The order of appeal was signed on November 23, 2011. The appeal has not yet been lodged in this court.

At this time, CCI seeks to have this court dismiss DOTD's unlodged appeal. CCI asserts that the trial court's judgment of October 5, 2011, which grants CCI's application for writ of mandamus, is a non-appealable, interlocutory ruling. CCI points out that the mandamus judgment was obtained pursuant to La.R.S. 48:456(B), which provides as follows:

B. Those portions of the final judgment which award an increase in the value of the part taken, an increase in severance damages, compensation for any other type of loss or damage, together with interest payable on those sums not deposited, attorney fees, and expert witness fees shall be paid within ninety days after becoming final. Thereafter, upon application by the owner or owners, the trial court may issue a writ of mandamus to enforce payment.

CCI contends that the purpose for its mandamus request under La.R.S. 48:456(B) was to have the trial court order DOTD to pay the increased amount awarded by the jury, i.e., the amount of the jury award which exceeds the amount which DOTD estimated to be fair compensation and deposited into the registry of the court pursuant to La.R.S. 48:444. CCI points out that La.R.S. 48:456(B) provides that a judgment awarding an increase in the value of the property seized does not become payable until 90 days after the judgment making such an award has become final. CCI contends that, on August 16, 2010, the trial court signed a judgment which awarded increased expropriation damages. CCI also contends that the trial court recognized that the August 16, 2010 judgment, which was not appealed by DOTD, had become final prior to CCI's request for a writ of mandamus. CCI maintains that pursuant to La.R.S. 48:456(B), the trial court was authorized to issue a writ of mandamus directing payment of the August 16, 2010 judgment on the merits.

However, CCI argues that the October 5, 2011 judgment granting the writ of mandamus is an interlocutory judgment which is not appealable under La.Code Civ.P. art. 2083. CCI contends that, while a final judgment decides the merits and is appealable, La.Code Civ.P. art. 2083(C) provides that "[a]n interlocutory judgment is appealable only when expressly provided by law." CCI contends that the October 5, 2011 judgment is interlocutory because it does not decide the merits of the case. CCI asserts that, without a codal provision expressly designating the interlocutory judgment as appealable, the judgment remains a non-appealable, interlocutory judgment.

3

We note that the October 5, 2011 judgment, which is at issue in this unlodged appeal, grants a writ of mandamus and directs payment of amounts awarded by the August 16, 2010 judgment. Pursuant to the jurisprudence, judgments granting or denying a writ of mandamus are reviewable on appeal. *See, e.g., Wilson v. Duhon*, 08-368 (La.App. 3 Cir. 10/1/08), 997 So.2d 575; *Authement v. Larpenter*, 97-1985 (La.App. 1 Cir. 5/15/98), 713 So.2d 718, *writ denied*, 98-1584 (La. 9/18/98), 724 So.2d 771. Accordingly, we find that the mandamus judgment in the instant case is an appealable judgment. Therefore, we hereby deny CCI's motion to dismiss this unlodged appeal.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**
Rules 2-16.2 and 2-16.3, Uniform Rules, Courts of Appeal.