NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CM 20-199

JAMES B. "BLAKE" CURETON

VERSUS

JAMES H. "JIMMY" CURETON, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-274
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

SYLVIA R. COOKS

JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Van H. Kyzar, Judges.

MOTION TO DISMISS UNLODGED APPEAL DENIED.

ALTERNATIVE MOTION TO CONVERT APPEAL TO SUPERVISORY WRIT DENIED.

**Todd Samuels Clemons**
**Bradley T. Rasile**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James B. "Blake" Cureton**

**Philip Anthony Franco**
**Jeffrey Edward Richardson**
**Kellen J. Mathews**
**Courtney C. Miller**
**Adams & Reese**
**701 Poydras Street, Suite 4500**
**New Orleans, LA 70139**
**(504) 581-3234**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James B. "Blake" Cureton**

**Richard Dale Moreno**
**Attorney at Law**
**125 West School Street**
**Lake Charles, LA 70605**
**(337) 433-9535**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **James H. "Jimmy" Cureton**
    **Custom Metal Fabricators, Inc.**

**COOKS, Judge.**

Plaintiff, James B. "Blake" Cureton, filed a "Motion to Dismiss Appeal and Request for Expedited Consideration and in the Alternative, if the Court Desires, Convert the Appeal to a Writ." For the reasons below, we deny the motions.

In the trial court, Plaintiff filed a writ of mandamus against his father, Defendant, James H. "Jimmy" Cureton, alleging that Defendant improperly fired Plaintiff from his job at Custom Metal Fabricators, Inc. Plaintiff's health insurance provided by the company was also terminated. The trial court ruled in favor of Plaintiff.

Defendant sought review of the ruling by filing a motion for appeal in the trial court; the motion was denied. Defendant then filed an application for supervisory writ in this court, seeking review of the trial court's denial of his motion to appeal. On March 19, 2020, this court held:

> **STAY DENIED.**
> **WRIT GRANTED AND MADE PEREMPTORY.** We find that the trial court erred in denying Relator's Motion and Order for Appeal. Although the trial court correctly found that its February 24, 2020 ruling is not a final judgment subject to appeal and that a supervisory writ might be more appropriate, this court is the arbiter of its own jurisdiction. *See Morris v. State/Attorney General*, 05-508 (La.App. 3 Cir. 4/21/05), 909 So.2d 1. As such, the trial court is without jurisdiction to determine whether Relator is entitled to an immediate appeal. Accordingly, we reverse and set aside the trial court's ruling and remand the matter to the trial court for further proceedings consistent with this court's decision. The hearing on Respondent's Motion for Contempt scheduled on March 20, 2020, is rendered moot.

*Cureton v. Cureton*, 20-188 (La.App. 3 Cir. 3/19/20) (unpublished opinion).

Plaintiff asserts that the trial court signed an Order of Appeal on Friday, March 20, 2020. Plaintiff urges this court to act quickly in the matter because emergency relief is required to secure health benefits for Plaintiff and his family. Since the trial court granted the appeal, Plaintiff states that this court now has

jurisdiction under La.Code Civ.P. art. 2088(A). Plaintiff argues that it does not matter that the record in this matter has not yet been lodged because a motion arguing that an appellate court lacks jurisdiction and/or that an appellant has no right to appeal may be filed "at any time." La.Code Civ.P. art. 2162. Article 2162 provides, in pertinent part, "An appeal can be dismissed at any time by consent of all parties, or for lack of jurisdiction of the appellate court, or because there is no right to appeal, or if, under the rules of the appellate court, the appeal has been abandoned."

Plaintiff also argues that this Court need not wait for Defendant to post the $200,000 bond required for his suspensive appeal because this court already has jurisdiction over the appeal, regardless of whether the appeal is suspensive or devolutive. Plaintiff points out that Defendant has thirty days to post bond, a delay which may not begin running until "at least Monday, April 13, 2020" per Governor Edwards March 16, 2020 proclamation. JBE 2020-30. As such, Relator maintains that it could be a long time before we learn whether Defendant is pursuing a suspensive or devolutive appeal. Plaintiff concludes that this court, to conserve resources and provide Plaintiff with the immediate relief he requires, should dismiss the appeal now.

In the alternative, Plaintiff asks this court to convert Defendant's appeal to a supervisory writ and order Defendant to quickly file a brief in support of his application. In this event, this court, Plaintiff urges, can quickly rule on the merits, and Plaintiff can restore his health insurance.

We note that the appeal in this matter has not yet been lodged. "Appellate courts are courts of record, and we must render judgment based on the record on appeal. La.Code Civ.P. art. 2164; *Willis v. Letulle*, 597 So.2d 456 (La.App. 1

2

Cir.1992). We may not review evidence that is not in the record, and we may not receive new evidence. *Willis*, 597 So.2d 456." *Independent Weekly, LLC v. Pope*, 16-160 (La.App. 3 Cir. /30/16), 188 So.3d 469. This court needs the entire appellate record evidencing the fact that Defendant has appealed and comported with the rules for filing a suspensive or devolutive appeal. For instance, Plaintiff directs this court's attention to a purported judgment of March 20, 2020, granting Defendant an appeal, but no judgment bearing that date has been provided to this court. This court must have a record upon which to base a finding as to what issues remain to be decided.

Therefore, this court denies Plaintiff's motion to dismiss the unlodged appeal and alternative motion to convert Defendant's appeal to a supervisory writ, at Plaintiff's cost.

**MOTION TO DISMISS UNLODGED APPEAL DENIED.**

**ALTERNATIVE MOTION TO CONVERT APPEAL TO SUPERVISORY WRIT DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.