NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 20-520

**JAMES B. "BLAKE" CURETON**

**VERSUS**

**JAMES H. "JIMMY" CURETON AND**

**CUSTOM METAL FABRICATORS, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-274
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**

**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**MOTION TO DISMISS APPEAL DENIED.**

**Timothy O'Dowd**
**Jared W. Shumaker**
**O'Dowd Law Firm, L.L.C.**
**924 Hodges Street**
**Lake Charles, LA 70601**
**(337) 310-2304**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **James H. "Jimmy" Cureton**
    **Custom Metal Fabricators, Inc.**

**Richard Dale Moreno**
**Attorney at Law**
**Post Office Box 149**
**Lake Charles, LA 70602**
**(337) 433-9535**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **James H. "Jimmy" Cureton**
    **Custom Metal Fabricators, Inc.**

**James Alvin Watson**
**Roddy, Watson & Everett**
**400 East College Street**
**Lake Charles, LA 70605**
**(337) 474-4886**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **James H. "Jimmy" Cureton**
    **Custom Metal Fabricators, Inc.**

**Todd Samuels Clemons**
**Todd Clemons & Associates**
**1740 Ryan Street**
**Lake Charles, LA 70601**
**(337) 477-0000**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James B. "Blake" Cureton**

**Kellen J. Mathews**
**Adams and Reese, L.L.P.**
**450 Laurel Street, #1900**
**Baton Rouge, LA 70801**
**(225) 336-5200**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **James B. "Blake" Cureton**

**SAUNDERS, Judge.**

On November 12, 2020, Appellee, James B. "Blake" Cureton (Blake), filed a Motion to Dismiss Appeal, seeking to dismiss the instant appeal filed by Appellants, James H. "Jimmy" Cureton (Jimmy) and Custom Metal Fabricators, Inc. (Custom Metal). For the reasons discussed herein, we deny the motion to dismiss the appeal.

Blake states that he became a partner with his father, Jimmy, in Custom Metal by virtue of a June 8, 2017 Sales Agreement, whereby Blake purchased a fifty-percent partnership interest and fifty percent of the 2,000 shares of issued and outstanding stock from Walter Lee, who had cofounded Custom Metal with Jimmy, for a total purchase price of $2,500,000.00. On or about November 26, 2019, Jimmy, as acting president of Custom Metal, terminated Blake's employment with Custom Metal; barred Blake from appearing at the corporation's principle place of business; removed Blake from any and all deposit accounts of the corporation; deprived Blake of benefits associated with his employment, i.e. health insurance; and sought to keep Blake from accessing corporate records.

Blake subsequently filed a Petition for Writ of Mandamus and Writ of Quo Warranto against Jimmy and Custom Metal, seeking a judgment directing Jimmy and Custom Metal to 1) provide inspection and copying of corporate and partnership records of Custom Metal, and 2) show by what authority Jimmy holds or claims any office in Custom Metal, and by what authority he purported to take the actions taken. Following a hearing held on February 13, 2020, the trial court ruled in favor of Blake. A written Judgment was signed on February 24, 2020, and ordered the following:

1. Blake is recognized as a partner with fifty percent interest in Custom Metal and a shareholder, holding fifty percent of the outstanding share in Custom Metal, and is thus entitled to all of the rights that Louisiana law affords in connection with such ownership interests;

2. Within five days of the signing of judgment, Jimmy and the corporation make available to Blake or his agents for inspection and copying, the corporation records and partnership records from June 2017 to present; and

3. Jimmy and Custom Metal recognize Blake's following rights with respect to the corporation:

   a. Reinstatement of employment with full back pay and benefits;

   b. Full and unfettered access to the corporation's business facilities;

   c. Reinstatement as signatory on any and all of the corporation's or partnership's bank or financial institution accounts; and

   d. Access to the records of the corporation or partnership.

Blake was also awarded attorney's fees and costs of court. Notice of judgment was mailed to the parties on March 12, 2020.

Jimmy and Custom Metal subsequently filed a motion for suspensive appeal. The trial court denied the motion on March 10, 2020, finding that the February 24, 2020 judgement was not a final judgment and was, therefore, not subject to appeal. Jimmy and Custom Metal sought supervisory review in this court. On March 19, 2020, this court granted the writ and ruled as follows:

> **STAY DENIED.**
> **WRIT GRANTED AND MADE PEREMPTORY.** We find that the trial court erred in denying Relator's Motion and Order for Appeal. Although the trial court correctly found that its February 24, 2020 ruling is not a final judgment subject to appeal and that a supervisory writ might be more appropriate, this court is the arbiter of its own jurisdiction. *See Morris v. State/Attorney General*, 05-508 (La.App. 3 Cir. 4/21/05), 909 So.2d 1. As such, the trial court is without jurisdiction to determine whether Relator is entitled to an immediate appeal. Accordingly, we reverse and set aside the trial court's ruling and remand the matter to the trial court for further proceedings consistent with this court's decision. The hearing on Respondent's Motion for Contempt scheduled on March 20, 2020, is rendered moot.

On remand, the trial court signed an Order on March 20, 2020, granting Jimmy and Custom Metal's Motion for Suspensive Appeal and ordering them to furnish

2

security in the amount of $200,000.00. Jimmy and Custom Metal posted a Suspensive Appeal Bond on March 31, 2020, in the amount of $200,000.00. Due to numerous delays associated with the pandemic and Hurricanes Laura and Delta, this court did not issue a Notice of Lodging and Briefing Order until October 30, 2020.

Blake subsequently filed a Motion to Dismiss Appeal that was received in this court on November 12, 2020. In his motion, Blake argues that as this court has already found that Jimmy and Custom Metal do not have a right to appeal. As such, Blake maintains that the ruling is now law of the case; thus, the appeal should be dismissed.

Further, Blake asserts that the legislature knows how to provide a right to appeal from an interlocutory ruling in a summary proceeding. For example, La.Code Civ.P. art 3612 provides a right to an appeal from an order or judgment related to a preliminary injunction. In contrast, however, there are no procedural articles governing mandamus that provide a similar right to an immediate appeal of an order making a writ of mandamus peremptory. While La.Code Civ.P. art. 3785 states that one may be held in contempt for failing to comply with an order making a writ of mandamus peremptory, that statute does not provide for an immediate appeal.

Consistent with statutory law, Blake adds that the supreme court in *State ex rel. Long v. Bd. of Deacons of Good Hope Second Baptist Church of Algiers*, 144 La. 413, 80 So. 608 (1916), explicitly held that an order making the writ of mandamus peremptory is an interlocutory order not subject to an appeal. In *Long*, members of a church filed a writ of mandamus, seeking to compel the board of trustees to hold an election. The trial court made the writ peremptory, ordering an election. The board moved for an appeal which was denied by the trial court. The board then held the election, and the trial court ruled that the election results were valid. The board appealed the second judgment. Before addressing the merits of the appeal, the court addressed the issue of when a defendant has a right to appeal in a mandamus action—

3

the initial judgment making the writ peremptory and ordering an election is "an interlocutory decree, from which the district court properly refused to grant an appeal." *Id*., 144 La. at 416, 80 So. at 610. The board did subsequently gain a right of appeal after it held the election.

In opposition to the motion to dismiss the appeal, Jimmy and Custom Metal argue that the February 24, 2020 Judgment is a final judgment as defined by La.Code Civ.P. art. 1841, in that it adjudicated all issues, save for the determination of attorney's fees and costs to be determined at a later date. Jimmy and Custom Metal disagree with Blake's reliance on *Long*, asserting that it has no value in attempting to intellectually determine current law applicable to this appeal. Jimmy and Custom Metal complain that the *Long* case is old, and although it has not been expressly overruled, it predates the substantial changes in appellate procedure contained in the 1968 Code of Civil Procedure, namely Articles 1841, 1915, and 2088.

In support of their argument, Jimmy and Custom Metal cite an unpublished opinion, *Individual Members of Grand Lodge of the State of Louisiana v. Jenkins*, 19-59 (La.App. 5 Cir. 3/3/19), 2019 WL 1187146, wherein members of the Grand Lodge filed a petition of quo warranto against the Board of Directors, seeking various forms of relief. The petition was granted, and the Board sought a suspensive appeal. The trial court denied the appeal, finding that the Judgment encompassed injunctive relief. On writs, the appellate court found that the Board was entitled to a suspensive appeal. In reaching its conclusion, the court reasoned, "Louisiana courts have narrowly construed exceptions to the general right of suspensive appeal and have concluded that general principles governing appeal are applicable to review of judgments in quo warranto. *See Pioneer Petroleum Corp. v. Gertler*, 187 So.2d 205 (La.App. 4 Cir. 1966)." *Id*.

Following this court's review of the jurisprudence, we note that this court, in an unpublished opinion, held that "[p]ursuant to the jurisprudence, judgments granting or

4

denying a writ of mandamus are reviewable on appeal. *See, e.g., Wilson v. Duhon,* 08–368 (La.App. 3 Cir. 10/1/08), 997 So.2d 575; *Authement v. Larpenter,* 97–1985 (La.App. 1 Cir. 5/15/98), 713 So.2d 718, *writ denied,* 98–1584 (La.9/18/98), 724 So.2d 771." *State, Dept. of Trans. and Development v. Triangle Property, LLC*, 12-143 (La.App. 3 Cir. 3/7/12), 2012 WL 724149. Considering the more recent jurisprudence regarding appellate review of a judgment granting a writ of mandamus and quo warranto, we find that the mandamus and quo warranto judgment in the instant case is an appealable judgment. Therefore, we hereby deny Appellee's motion to dismiss this appeal.

**MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.